**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Mari F. Henderson (Bar No. 307693)
marihenderson@quinnemanuel.com
Janet Shamilian (Bar No. 329695)
janetshamilian@quinnemanuel.com
Julian T. Schoen (Bar No. 344202)
julianschoen@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Alex Spiro (*pro hac vice forthcoming*)
alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849 7000

*Attorneys for Megan Thee Stallion*
*Entertainment, Inc., and Hot Girl Touring,*
*LLC*

*Additional Counsel Listed on Next Page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO GARCIA, an Individual, , <br><br> Plaintiff, <br><br> v. <br><br> ROC NATION LLC, a Delaware business organization; HOT GIRL TOURING, LLC, a Delaware Business Organization; MEGAN THEE STALLION ENTERTAINMENT, INC., a Delaware Business Organization; MEGAN THEE STALLION, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.24-cv-4448 <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441(a), and 1446** <br><br> [Removal from Superior Court of California, Los Angeles Superior Court Case No. 24STCV10140] |

**REED SMITH, LLP**
Michael Kleinman (Bar No. 293741)
mkleinmann@reedsmith.com
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

Jordan W. Siev (*pro hac vice forthcoming*)
jsiev@reedsmith.com
599 Lexington Avenue
New York, New York, 10022
(212) 521-5450

*Attorney for Roc Nation, LLC*

-1-

NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF EMILIO GARCIA AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants Hot Girl Touring, LLC, and Megan Thee Stallion Entertainment, Inc. (together, "the Removing Defendants"), with the consent of Defendant Roc Nation LLC ("Roc Nation"), by their undersigned attorneys, hereby give notice of the removal of this action from the Superior Court of Los Angeles County to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446.  As grounds for removal, the Removing Defendants state as follows:

## I.    PRELIMINARY STATEMENT

This is a case involving an independent contractor, Emilio "Coochie" Garcia ("Plaintiff"), a citizen of Texas, who performed work around the globe for Megan thee Stallion ("Ms. Pete") and her companies, the Removing Defendants, who are all citizens of Florida, under a contract providing a New York forum selection clause. This case has absolutely no connection to California state court.  However, Plaintiff alleged in his Complaint both that he was a citizen of California and that Roc Nation, Ms. Pete's management company, somehow employed him.  Both of these allegations are demonstrably false, as detailed below, and thus this case may be removed to federal court.

Plaintiff is a con artist who is manipulating the judicial system to act as his publicist and bullhorn in a desperate attempt to boost his failed singing career while trying to tear down the successful career of Ms. Pete.  Throughout his tenure as an independently contracted photographer and videographer for Ms. Pete and her production companies, Removing Defendants Hot Girl Touring, LLC and Megan Thee Stallion Entertainment, Inc., Plaintiff repeatedly falsified his invoices and overcharged Ms. Pete for services he never completed and sought reimbursements for

NOTICE OF REMOVAL

money he never spent.  Plaintiff's pattern of misrepresentations was so prevalent that Ms. Pete was forced to terminate Plaintiff in June 2023.

Angry at the loss of this high-profile gig and his exile from the inner circles of stardom, Plaintiff filed a factually and legally frivolous Complaint in Los Angeles Superior Court plagued with falsehoods, misrepresentations of fact, and outlandish claims.  Plaintiff took a run of the mill wage and labor dispute governed by New York law under the terms of his contract and trumped it up with sensationalist claims of sex, debauchery, and workplace harassment for the sole purpose of seeking attention for his own middling amateur artist career and to tarnish the reputation of Ms. Pete. Indeed, Plaintiff and his counsel went on a press tour after filing suit to drum up attention for his meritless lawsuit.

All Defendants in this action will seek judicial relief at the appropriate time based on Plaintiff's frivolous claims.  For now, the Removing Defendants respectfully hereby provide Notice of Removal of Plaintiff's state court action from Los Angeles Superior Court to this Court based on diversity jurisdiction.

*First*, complete diversity between the parties exists.  Plaintiff is a citizen of Texas, and the Removing Defendants are citizens of Florida and Delaware while Ms. Pete (who has not been properly joined) is also a citizen of Florida.  Defendant Roc Nation—a citizen of California, New York, New Jersey and Delaware—is a sham defendant brought solely to invoke the forum defendant rule and give Plaintiff a basis to invoke California law.  Plaintiff's decision to sue Roc Nation is a calculated attempt to defeat diversity jurisdiction and deprive Defendants of a federal forum.  In an effort to maintain this suit in California state court, Plaintiff also went to extraordinary lengths to ignore his contract, which includes a specific forum selection clause requiring any suit to be brought in New York.  Plaintiff's failure to adhere to his contract in this case confirms that Plaintiff was more concerned with staging his lawsuit in an improper forum than accurately pleading the facts underlying his claims.

-3-
NOTICE OF REMOVAL

Notwithstanding Plaintiff's pleading gymnastics, and as set forth more fully below, Roc Nation was improperly joined as a defendant to this lawsuit and its citizenship is therefore ignored for purposes of determining diversity. *See Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("[A]ll defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties."); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986). Roc Nation never hired Plaintiff as an employee or independent contractor, never directed or controlled Plaintiff's work, and never paid Plaintiff for any services under payroll or any invoice because he never worked for Roc Nation. There is thus no possibility Plaintiff has any wage, labor, or harassment claims against Roc Nation, and this case is properly removed pursuant to 28 U.S.C. §§ 1332 and 1441.

*Second*, the amount in controversy exceeds $75,000, exclusive of interest and costs. In fact, Plaintiff already told several media outlets such as NBC News that he seeks more than six figures from this frivolous lawsuit.

*Finally*, the procedural requirements for removal are met and the notice of removal is timely. Accordingly, removal is appropriate here.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1.    On March 1, 2020, Hot Girl Touring, LLC ("HGT") entered into an independent contractor relationship with Plaintiff related to photographing, video recording, and editing content for the performance artist and Defendant Megan Thee Stallion, real name Megan Pete (the "Agreement"). *See* Declaration of Mari F. Henderson ("Henderson Decl."), Ex. 10.[1]

2.    The Agreement was expressly between Plaintiff and HGT. *Id.*

3.    The Agreement contained a forum selection clause that provides the "state and Federal courts located in New York County, New York shall have ***exclusive***

---

[1]    All Exhibits referenced herein are exhibits to the May 29, 2024 Declaration of Mari F. Henderson.

NOTICE OF REMOVAL

*jurisdiction* over any dispute between the parties related to this Agreement and each party hereby submits to the jurisdiction, and agrees not to contest the venue, of such courts." *Id*. at Paragraph 10 (emphasis added).

4.    From the time Plaintiff signed the Agreement until his termination in June 2023, Plaintiff worked as an independent contractor for Ms. Pete. *Id.* at Paragraph 1. Plaintiff routinely invoiced HGT for his services. In each invoice submitted, Plaintiff listed his address as being in Houston, Texas. Ex. 11. Plaintiff also included in these invoices the payment information for his bank account with a routing number directed to a bank in Texas. *Id.* In all instances, only named Defendants HGT and Megan Thee Stallion Entertainment, Inc. ("MTS Ent.") paid Plaintiff's invoices. Ex. 12. Only HGT and MTS Ent. provided Plaintiff 1099 tax forms for his independent contractor work. Exs. 17-18. Roc Nation did not pay any of Plaintiff's invoices or provide Plaintiff any tax forms. Ex. 12.

5.    Although Plaintiff was domiciled in Texas, he traveled with Ms. Pete around the world during his tenure with HGT. Plaintiff performed his obligations under the Agreement in cities like New York, Miami, Tokyo, Osaka, Barcelona, Rio de Janeiro, and others. Indeed, between March 5 and December 4, 2022, Ms. Pete performed 45 shows in countries like Belgium, Brazil, Ireland, Portugal, Australia, and England. Henderson Decl. ¶ 11; Ex. 16. Only four of Ms. Pete's 2022 tour dates were even in California. Ex. 16. As a result, the majority of Plaintiff's performance under the Agreement occurred outside of California and with no rational nexus to California.

6.    In June 2023, HGT terminated Plaintiff's independent contractor engagement. One month later, in July 2023, Plaintiff registered a limited liability company, "Emilio Coochie Media, LLC", in Texas listing the same Houston address used in his invoices, as well as his Texas Taxpayer Number. Ex. 13. Plaintiff is also currently registered to vote in Texas. Ex. 14. And according to Plaintiff's recent social media posts, he remains in Texas. Ex 15.

NOTICE OF REMOVAL

7.    On April 23, 2024, Plaintiff commenced an action in the Superior Court of California for the County of Los Angeles entitled: *Emilio Garcia, Plaintiff v. Roc Nation, LLC.; Hot Girl Touring, LLC; Megan Thee Stallion Entertainment, Inc.; Megan Thee Stallion; and Does 1 through 10, Defendants*, Case No. 24STCV10140 (the "State Action").  Plaintiff falsely claimed in his Complaint that he was employed as a full-time cameraman by Roc Nation, HGT, and MTS Ent., but was misclassified as an independent contractor by these entities.  *See* Ex. 1 ("Compl.") ¶¶ 10, 18. Plaintiff further falsely alleged that while on an assignment in Ibiza in June 2022, Plaintiff witnessed Ms. Pete having sex with another individual in a car (the "Incident").  *Id*. ¶ 13.    Plaintiff claimed that after the Incident—which never happened—Ms. Pete subjected him to verbal abuse.  *Id*. ¶ 14.    Plaintiff's false allegations created a media firestorm with coverage around the world by news organizations such as The Guardian, BBC, Time, Rolling Stone, Vanity Fair, and NBC News.

8.    In his Complaint, Plaintiff alleged claims for: (1) hostile work environment under California's Fair Employment and Housing Act ("FEHA"); (2) failure to prevent and remedy harassment under FEHA; (3) misclassification of an employee as an independent contractor under California Labor Code §§ 226.8 and 2750.3; (4) failure to provide meal and rest periods under California Labor Code §§ 226.7 and 512; (5) unpaid overtime wages under California Labor Code §§ 510-515, 1194 and 1198; (6) inaccurate wage statements under California Labor Code § 226(A); (7) waiting time penalties under California Labor Code § 200-204; (8) retaliation under California Labor Code §§ 98.6 and 1102.5; and (9) violation of California Business and Professions Code §§ 17200 et seq.  *See generally* Compl. Plaintiff seeks, *inter alia*, general and punitive damages, statutory penalties, unpaid wages, and attorneys' fees.  *Id*.

9.    Because Plaintiff's Complaint "necessarily relies" on the terms of his independent contractor contract with HGT, the Court "may treat such a document as

NOTICE OF REMOVAL

part of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (internal quotation marks omitted).

10.    To date, Defendants Roc Nation, HGT, and MTS Ent. have been served copies of the State Action Complaint. Exs. 6-8. HGT and MTS Ent. filed an answer to the State Action Complaint denying all allegations. Ex. 19. All properly joined Defendants—HGT and MTS Ent.—consent to removal. Henderson Decl., ¶ 24.

11.    Ms. Pete has not been served copies of the State Action Complaint. *Id*. ¶ 11. Ms. Pete therefore is not required to join the Notice of Removal. *Emrich*, 846 F.2d at 1193 n.1 (noting "a party not served need not be joined" in a petition for removal). Nonetheless, and without waiving any objections to service, Ms. Pete consents to removal for purposes of this Notice. Henderson Decl., ¶ 24.

12.    Defendant Roc Nation was improperly joined as a Defendant to this lawsuit and its citizenship is therefore ignored for purposes of determining diversity. *See Emrich*, 846 F.2d at 1193 n.1 ("[A]ll defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties."); *Hewitt*, 798 F.2d at 1233.

13.    Based on due diligence, no other named defendants and no "Doe" defendants have been served with the Summons and/or Complaint in the State Action. The fictitious defendants named as Does 1 through 10 are disregarded for purposes of removal, in accordance with 28 U.S.C. § 1441(b)(1).

14.    Pursuant to 28 U.S.C. § 1446(a), copies of the processes, pleadings, orders, and other papers of the State Action are attached to the Henderson Decl. *See* Exs. 1-9, 19.

15.    Finally, Defendants satisfied the procedural requirements for removal. *See infra* ¶¶ 58-66.

NOTICE OF REMOVAL

III.    **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

16.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

A.    **Plaintiff Is Diverse from All Properly Joined Defendants**

17.    Plaintiff alleged in his Complaint that he is a *resident* of California. Compl. ¶ 5.

18.    However, diversity jurisdiction "speaks of citizenship, not residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing 28 U.S.C. § 1332). A party's citizenship is determined by their domicile, which is the permanent home where they intend to stay or intend to return. *Id.* Courts consider a number of factors to determine a party's citizenship, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Thus, "a person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857.

19.    At the time this action was filed, and at all times since, Plaintiff was and is a citizen of Texas.

20.    Throughout the entirety of his tenure with HGT, Plaintiff represented in his invoices that his permanent address was in Houston, Texas. Ex. 11.

21.    Plaintiff used his Texas bank account with a Texas routing number to receive payment for these invoices. *Id.*

22.    Plaintiff received his 1099 tax statements from MTS Ent. and HGT for the year 2023 at his Houston, Texas address. Exs. 17-18.

23.    Plaintiff is currently registered to vote in Texas. Ex. 14.

NOTICE OF REMOVAL

24.    In July 2023, Plaintiff registered his limited liability company, "Emilio Coochie Media, LLC", in Texas using the same Houston address as used in his invoices and his Texas Taxpayer Number.  Ex. 13.

25.    Plaintiff's recent social media activity also demonstrates that he currently resides in Texas.  Ex. 15.

26.    Accordingly, Plaintiff was and is a citizen of Texas.

**B.    <u>All Properly Joined Defendants Are Diverse from Plaintiff</u>**

(a)    <u>Defendant HGT</u>

27.    Plaintiff claims Hot Girl Touring, LLC is a Delaware business organization doing business in Los Angeles, California with its principal place of business in Miami, Florida.  Compl. ¶ 7.

28.    However, the citizenship of a limited liability company is determined by the citizenship of all of its members, not its principal place of business.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

29.    Plaintiff later claims that Ms. Pete is the owner and principal of Hot Girl Touring, LLC.  Compl. ¶ 9.  Contrary to Plaintiff's claim that Ms. Pete has the capacity to be sued in Los Angeles, *id.*,[2] Ms. Pete does not own a residence in Los Angeles specifically or California generally.  Henderson Decl. ¶ 11.  At the time this action was filed and at all times since, Ms. Pete was and is a citizen of Florida with her permanent residence there.  *Id*.

30.    Accordingly, Hot Girl Touring, LLC was and is a citizen of Florida because Ms. Pete was and is a citizen of Florida.

---

[2]  During the course of Plaintiff's independent contractor relationship with HGT, Ms. Pete spent the majority of her time outside of California.  Between March 5 and December 4, 2022, Ms. Pete performed 45 shows in countries like Belgium, Brazil, Ireland, Portugal, and England.  Henderson Decl. ¶ 11, Ex. 16.  Only four of Ms. Pete's 2022 tour dates were even in California.  Ex. 16.

NOTICE OF REMOVAL

(b)    Defendant MTS Ent.

31.    Plaintiff alleges that at the time this action was filed and at all times since, Defendant MTS Ent. was and is incorporated in Delaware with its principal place of business located at 1450 Brickell Avenue, 18th Floor, Miami, Florida 33131. Compl. ¶ 8.

32.    "A corporation is deemed a citizen of its place of incorporation and the location of its principal place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)(1)).

33.    Accordingly, MTS Ent. was and is a citizen of Florida and Delaware.

**C.    Defendant Roc Nation Is An Improperly Joined Sham Defendant, and Thus Its Citizenship Must Be Disregarded**

34.    Roc Nation is a limited liability company whose members are Live Nation Worldwide, Inc. and Marcy Media, LLC.  Declaration of Sean Mulvehill ("Mulvehill Decl."), ¶ 3-4.

35.    At the time this action was filed and at all times since, Live Nation Worldwide, Inc. is a corporation incorporated in Delaware with its principal place of business in California.  *Id*. ¶ 4.

36.    At the time this action was filed and at all times since, Marcy Media LLC is a Delaware limited liability company.  *Id.*  Its members are citizens of New York, New Jersey, California, and Delaware.  *Id*.

37.    Thus, Roc Nation is a citizen of Delaware, New York, New Jersey, and California for purposes of diversity jurisdiction.

38.    At first blush, the forum defendant rule would prevent removal based on diversity jurisdiction because Roc Nation is a California citizen.  *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest

-10-

*properly joined* and served as defendants is a citizen of the State in which such action is brought.") (emphasis added).

39.   However, Roc Nation is a sham defendant improperly joined to this action.  As such, its citizenship is not considered on removal, and the forum defendant rule is not a bar to diversity jurisdiction.

40.   The Ninth Circuit has found time and again that it "is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see Morris v. Princess Cruise, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (holding that sham defendants' "presence in the lawsuit is ignored for purposes of determining diversity");  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) ("Although an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined.") (internal quotation marks omitted).

41.   A defendant is fraudulently joined where, as here, "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Put differently, "the question is simply whether there is *any possibility* that plaintiff will be able to establish liability against the party in question." *Levine v. Allmerica Fin. Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999); *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (holding fraudulent joinder occurs when there is "no possibility that the plaintiff could demonstrate a viable claim against the allegedly fraudulently joined defendant.").

42.   The determination of whether a plaintiff failed to state a cause of action is not limited to the pleadings but must be based on all relevant facts.  As the Ninth Circuit has held, a "defendant seeking removal to the federal court is entitled to

-11-

present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339 (affirming district court's finding of diversity jurisdiction despite two California residents mentioned in the complaint); *see also Morris*, 236 F.3d at 1067-68 (9th Cir. 2001) (affirming defendants' entitlement to present facts supporting fraudulent joinder while affirming denial of remand); *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979) *aff'd*, 710 F.2d 549 (9th Cir. 1983) (examination of fraudulent joinder must "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available"). Thus, when determining whether a defendant was fraudulent joined, a court may conduct a "summary inquiry" that goes beyond the pleadings. *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015).

43. The evidence demonstrates that Roc Nation is a sham defendant.

44. At no time was Plaintiff an employee or independent contractor of Roc Nation. Mulvehill Decl. ¶ 7-9. Plaintiff's contract was with HGT and HGT alone; Roc Nation was never a party to the Agreement nor required to perform any obligations under it. *Id.* ¶ 8; Ex. 10. Roc Nation never hired nor terminated Plaintiff, nor did it have the ability to do so. Mulvehill Decl. ¶ 10. Plaintiff never worked for Roc Nation. *Id*. ¶ 9-10.

45. Roc Nation never directed Plaintiff or his work. *Id.* ¶ 11. Roc Nation never had control over the terms or conditions of Plaintiff's work. *Id*. ¶ 12.

46. Roc Nation paid none of Plaintiff's invoices. *Id*. ¶ 13; Ex. 12. Plaintiff was never on Roc Nation's payroll and never worked for Roc Nation. Mulvehill Decl. ¶¶ 13-15. Roc Nation never controlled the terms of Plaintiff's compensation. *Id.* ¶ 14. Roc Nation never issued Plaintiff a Form 1099 or Form W-2 tax documents to Plaintiff. *Id*. ¶ 15.

47. Roc Nation's sole purpose for being named as a Defendant in this action is to destroy diversity jurisdiction, prevent removal based on the forum defendant rule, and invoke California's wage and employment laws. However, because Plaintiff was

NOTICE OF REMOVAL

1  never an employee or independent contractor of Roc Nation, Plaintiff has no
2  possibility of stating a cause of action against Roc Nation.

3      48.    Accordingly, Roc Nation's citizenship must be disregarded, and
4  complete diversity between the parties exists.

5      D.    **The Amount in Controversy Exceeds $75,000 Excluding Interest**
6            **And Costs**

7      49.    Without prejudice to its defenses or conceding the merits of Plaintiff's
8  claims, Plaintiff's allegations show that the amount purported to be in controversy
9  exceeds the jurisdictional minimum excluding interest and costs.

10     50.    To satisfy the amount-in-controversy requirement, a defendant must
11 establish only that "the potential damages could exceed the jurisdictional amount."
12 *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis v.*
13 *Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)).  In other words, "[t]he
14 ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint,
15 not what a defendant will actually owe."  *Korn v. Polo Ralph Lauren Corp.*, 536 F.
16 Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also, e.g., Greene v. Harley-Davidson,*
17 *Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("[T]he amount in controversy is the 'amount
18 *at stake* in the underlying litigation.' 'Amount at stake' does not mean likely or
19 probable liability; rather it refers to possible liability.") (citations omitted).  "In that
20 sense, the amount in controversy reflects the *maximum* recovery the plaintiff could
21 reasonably recover."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir.
22 2019).

23     51.    "A defendant's preponderance burden is not daunting, as courts
24 recognize that under this standard, a removing defendant is not obligated to research,
25 state, and prove the plaintiff's claims for damages." *Mortley v. Express Pipe & Supply*
26 *Co.*, 2018 WL 708115, at *2 (C.D. Cal. Feb. 5, 2018).  "In measuring the amount in
27 controversy, a court must assume that the allegations of the complaint are true and
28 that a jury will return a verdict for the plaintiff on all claims made in the complaint."

-13-

1  *Korn*, 536 F. Supp. 2d at 1205.  The amount in controversy includes "damages

2  (compensatory, punitive, or otherwise), and the costs of complying with an injunction,

3  as well as attorneys' fees awarded under fee-shifting statutes." *Gonzales v. CarMax*

4  *Auto Superstores, LLC*, 840 F.3d 644, 648-649 (9th Cir. 2016).

5      52.    When, as here, a plaintiff fails to plead a specific dollar amount of

6  damages and the amount in controversy is not necessarily "facially apparent" from

7  the complaint, "the court may consider facts in the removal petition" to determine the

8  amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  "[A]

9  defendant's notice of removal need include only a plausible allegation that the amount

10  in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co. v.*

11  *Owens*, 574 U.S. 81, 89 (2014).  To satisfy this burden, a defendant may rely on a

12  "reasonable" "chain of reasoning" that is based on "reasonable" "assumptions."

13  *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).

14      53.    Here, Plaintiff seeks, *inter alia*, general and punitive damages under

15  FEHA.  *See* Compl. Prayer.

16      54.    Shortly after filing his meritless Complaint, Plaintiff told NBC News that

17  he seeks more than six figures in damages in this action.[3]

18      55.    Indeed, awards in FEHA actions easily exceed the amount in controversy

19  requirement of $75,000 exclusive interest and costs.  *See Contreras-Velazquez v.*

20  *Fam. Health Centers of San Diego, Inc.*, 62 Cal. App. 5th 88, 108 (2021) (affirming

21  award of $915,645 in compensatory damages and reduction in punitive damages from

22  $5 million to $1.8 million in FEHA action); *see also Gatchalian v. Kaiser Found.*

23  *Hosps. et al.*, 2023 WL 10408419 (jury verdict awarding plaintiff $11.49 million in

24  compensatory damages and $30 million in punitive damages in FEHA action).

25

26

---

27  [3]  *See* https://www.nbcnews.com/pop-culture/pop-culture-news/megan-thee-stallion-

28  accused-harassment-cameraman-said-was-forced-watch-rcna148895.

NOTICE OF REMOVAL

56.    Further, Plaintiff also seeks statutory and wage penalties under the Labor Code, and restitution of unpaid wages.

57.    Accordingly, Plaintiff's request for damages exceeds $75,000 exclusive of interest and costs, and the amount in controversy requirement is met.

**E.    The Procedural Requirements for Removal Have Been Satisfied**

(a)    Timeliness

58.    A defendant in a civil action has thirty days from the date it is validly served with a complaint to remove the action to federal court.  28 U.S.C. § 1446(b)(1).

59.    On April 29, 2024, Plaintiff served Defendants MTS Ent. and Roc Nation LLC a copy of the State Action complaint.  Ex. 6-7.

60.    On April 30, 2024, Plaintiff served HGT a copy of the State Action complaint.  Ex. 8.

61.    Ms. Pete has not been served.  Henderson Decl. ¶ 11.

62.    All named and properly joined Defendants consent to removal. Henderson Decl. ¶ 24.

63.    Although fraudulently joined, and without waiving any defenses or objections, Roc Nation consents to removal.  Mulvehill Decl. ¶ 16.

64.    Accordingly, this Notice of Removal is timely.

(b)    Venue

65.    Removal to this Court is proper under 28 U.S.C. § 1441 because the Complaint was filed in the Superior Court of Los Angeles, and this United States District Court for the Central District of California is the United States District Court for the district and division within which the State Action is pending.  *See* 28 U.S.C. § 84(c); § 1441(a).

(c)    Service

66.    After filing this Notice of Removal, the Removing Defendants will promptly serve written notice of this Notice of Removal on counsel for Plaintiff and

NOTICE OF REMOVAL

file the same with the Clerk of the Superior Court of Los Angeles in accordance with 28 U.S.C. § 1446(d).

**F.      Defendants Do Not Waive Any Defenses**

67.     By removing this action from the Superior Court of Los Angeles, the Defendants do not waive any defenses available to it and do not admit any of the allegations in Plaintiff's Complaint.


WHEREFORE, the Defendants remove the above-captioned action from the Superior Court of Los Angeles to the United States District Court for the Central District of California.

Respectfully submitted,

Dated:  May 29, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:

Mari F. Henderson (Bar No. 307693)
marihenderson@quinnemanuel.com
Janet Shamilian (Bar No. 329695)
janetshamilian@quinnemanuel.com
Julian T. Schoen (Bar No. 344202)
julianschoen@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Alex Spiro (*pro hac vice forthcoming*)
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849 7000

*Counsel for Megan Thee Stallion Entertainment, Inc. and Hot Girl Touring, LLC*

REED SMITH LLP

By:  _____

Michel R. Kleinmann (Bar No. 293741)

-16-

NOTICE OF REMOVAL

mkleinmann@reedsmith.com
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

Jordan W. Siev (*pro hac vice
forthcoming*)
jsiev@reedsmith.com
599 Lexington Avenue
New York, New York, 10022
(212) 521-5450

*Attorney for Roc Nation, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on May 29, 2024 a true and correct copy of the foregoing pleading was served upon the following parties via electronic mail in accordance with the written consent of the parties:

Neama Rahmani (State Bar No. 223819)
efilings@westcoasttriallawyers.com
Ronald L. Zambrano (State Bar No. 255613)
ron@westcoasttriallawyers.com
WEST COAST TRIAL LAWYERS, APLC
1147 South Hope Street
Los Angeles, California 90015
Telephone: (213) 927-3700
Facsimile: (213) 927-3701
*Counsel for Plaintiff*

*/s/ Mari Henderson*

Mari Henderson

-17-