JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO GARCIA, | Case No. 2:24-cv-04448-HDV-SSC |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER TO SOUTHERN DISTRICT OF NEW YORK [23] AND DENYING DEFENDANT ROC NATION'S MOTION TO DISMISS [25]** |
| v. | |
| ROC NATION LLC, et al., | |
| Defendants. | |

1

## I. INTRODUCTION

Plaintiff Emilio Garcia brings this lawsuit against Defendants Hot Girl Touring, LLC ("HGT"), Megan Thee Stallion Entertainment, Inc. ("MGT"), Megan Thee Stallion, and Roc Nation LLC, asserting hostile work environment, workplace harassment, employment misclassification, and other claims arising out of the Photography and Videography Agreement (the "Agreement") with Defendants. Before the Court are two separate motions: (1) HGT, MGT, and Megan Thee Stallion seek to transfer this case to the Southern District of New York per the forum selection clause in the Agreement (the "Motion to Transfer"), and (2) Defendant Roc Nation seeks dismissal of all claims against it pursuant to Rule 12(b)(6) (the "Motion to Dismiss").

The Court grants the first motion and denies the second. The Court concludes that the forum selection clause in the parties' Agreement is valid and enforceable, and for that reason transfers the entire action to the Southern District of New York.[1] The Court also finds that Plaintiff has sufficiently stated a claim against Defendant Roc Nation on a joint employer theory, and on that basis denies the Motion to Dismiss.

## II. BACKGROUND

On March 1, 2020, Plaintiff Emilio Garcia entered into the Agreement with Hot Girl Touring to perform photography and videography services for artist Megan Thee Stallion. *See* Photography & Videography Agreement (hereinafter "Agreement"), [Dkt. No. 23-1]. The Agreement contains a forum selection clause which states that "[t]he state and Federal courts located in New York County, New York shall have exclusive jurisdiction over any dispute between the parties related to this Agreement and each party hereby submits to the jurisdiction, and agrees not to contest the venue, of

---

[1] Defendants separately seek dismissal arguing that the Court lacks personal jurisdiction over Megan Thee Stallion. [Dkt. No. 22]. A transfer motion predicated on a forum selection clause can be decided prior to a jurisdictional analysis. *See Dish Network, LLC v. Jadoo TV, Inc.*, No. CV 18-9768 FMO (KSX), 2020 WL 6536659 at *9 n.7 (C.D. Cal. Mar. 16, 2020) ("The court may transfer a case pursuant to 28 U.S.C. § 1404(a) without deciding whether it has personal jurisdiction over a defendant or whether venue in this District is proper."). Because the Court concludes that the forum selection clause is valid and enforceable, and transfers the case in its entirety to the Southern District of New York on that basis, the Court need not reach the jurisdictional arguments and denies that motion as moot.

2

such courts." Agreement ¶ 10.

Plaintiff alleges that all Defendants directed how he carried out his job duties and that Roc Nation and MGT were his joint employers. Complaint ¶ 10. For example, in August 2022, the Roc Nation Chief Executive Officer contacted Plaintiff to alter his compensation structure from a monthly rate to a pay-per-task system for each assignment completed. *Id*. ¶ 30. And in or around June 2023, Plaintiff was informed by Roc Nation that his services were longer needed. *Id*. ¶ 16.

Plaintiff filed this action on April 23, 2024, in the Los Angeles Superior Court alleging claims for hostile work environment and harassment in violation of the Fair Employment and Housing Act ("FEHA"), failure to prevent and remedy harassment in violation of FEHA, employment misclassification, California Labor Code wage and hour violations, and a California Business and Professions Code Section 17200 violation. *See* Complaint.

Defendants HGT, MGT, and Megan Thee Stallion filed the Motion to Transfer venue to the Southern District of New York on June 25, 2024. *See* Motion to Transfer [Dkt. No 23]. On the same day, Defendant Megan Thee Stallion filed a Motion to Dismiss for lack of personal jurisdiction. [Dkt. No. 22]. And Defendant Roc Nation filed its Motion to Dismiss on June 25, 2024. *See* Motion to Dismiss [Dkt. No. 25]. On September 12, 2024, the Court heard oral argument and took all the Motions under submission.

## III.   LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Where a valid forum selection clause is present, it should be given "controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 63 (2013). When the parties have previously already agreed upon an appropriate forum, a "district court may consider arguments about public-interest factors *only*" when determining whether to grant a § 1404(a) motion to transfer. *Id*. at 64 (emphasis added). "[T]he party seeking to avoid a forum selection clause bears a heavy burden to establish a ground upon which we will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009).

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek to dismiss a complaint for failure to state a claim upon which relief may be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A properly pled complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

## IV.  DISCUSSION

### A.  Forum Selection Clause Validity

Forum selection clauses are deemed prima facie valid absent fraud, overreaching, or a strong showing that a particular clause should not be enforced. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). Plaintiff here does not dispute the forum selection clause's validity, *see* Plaintiff's Opposition to Motion to Transfer ("Transfer Opposition") [Dkt. No. 30], nor does the Court see any independent reason to depart from the presumption of validity.

### B.  Forum Selection Clause Enforceability

A forum selection clause is enforceable unless the non-moving party can "clearly show that enforcement would be unreasonable and unjust." *See Adema Techs., Inc. v. Wacker Chem. Corp.*, 657 F. App'x 661, 663 (9th Cir. 2016) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972). Enforcement of a forum selection clause is unreasonable and unjust "if the clause results from fraud or overreaching; if enforcing the clause would effectively deprive [the plaintiff] of its day in court; or if enforcement would contravene a strong public policy of California." *Id.*; *see also*

*Richards v. Lloyd's of London*, 135 F.3d 1289, 1293 (9th Cir. 1998).

Plaintiff contends that the forum selection clause is unenforceable, arguing that it would unfairly deny him his day in court and would violate California public policy. Transfer Opposition at 2–3. More specifically, Plaintiff maintains that New York law would leave him without any remedy for his employment discrimination claims. As support for his position, Plaintiff principally relies on *Hoffman v. Parade Publs.*, 15 N.Y. 3d 285, 289 (2010).

The Court rejects Plaintiff's argument for three separate reasons.

First, as correctly argued by Defendants, Plaintiff conflates the enforceability of a forum selection clause with a choice of law analysis. The Motion to Transfer does not seek to impose a choice of law provision requiring that Plaintiff bring his claims under New York law. The resolution of whether New York or California (or even Texas) law applies is a decision for transferee court to make. *See Mazzola v. Roomster Corp.*, No. CV 10-5954 AHM (JCGx), 2010 WL 4916610 at *3 (C.D. Cal. Nov. 30, 2010) ("Plaintiff is free to pursue remedies in federal court in New York. Thus, in interpreting the forum selection clause, this Court is not concluding that New York law applies to Plaintiff's action. To the contrary, once in the proper venue, Plaintiff is free to argue for application of California law."); *Besag v. Custom Decorators, Inc.*, No. CV08-05463 JSW, 2009 WL 330934 at *4 (N.D. Cal. Feb. 10, 2009) ("Thus, a party challenging enforcement of a forum selection clause may not base its challenge on choice of law analysis."). Because the transferee Court will ultimately determine which state's law applies, the enforcement of the forum selection clause does not deprive Plaintiff of his day in court.

Second, even addressing the premise of Plaintiff's argument, the Court is not convinced that the application of New York law—as opposed to California law—would leave Plaintiff without a remedy. In *Hoffman*, a New York court found that a Georgia resident who primarily worked in Georgia, but traveled to New York for meetings could not bring an employment discrimination lawsuit in the New York state courts. *Hoffman v. Parade Publications*, 15 N.Y.3d 285, 290 (2010). The *Hoffman* court concluded that the impact of discrimination claims must be felt within the boundaries of New York for plaintiffs to bring specific discrimination claims in New York state

5

1  courts. *Id*. But *Hoffman* did not involve a situation, like the one here, where the **Defendants**
2  **themselves** offered an employment contract specifically identifying New York as both the forum and
3  the applicable law. It strains credulity to argue that, were Plaintiff forced to litigate his employment
4  claims in a New York court under that same contract, a court would dismiss based on *Hoffman*. To
5  the contrary, if anything Defendants have waived this argument by arguing for transfer here.

6        And third, Plaintiff does not provide any evidence that the public policy underlying his
7  claims is related to venue in California, as opposed to a choice of law. This argument is rejected
8  because it "fails to challenge the parties' forum selection explicitly, and instead improperly
9  speculates as to how the transferee forum would ultimately resolve the issue of what substantive law
10 should be applied." *See Besag*, 2009 WL 330934 at *4.

11       In summary, Plaintiff has not met his high burden of establishing that the forum selection
12 clause is unreasonable or unjust, "nor does plaintiff identify any particular protection or remedy
13 provided by California law which would be foreclosed to him by a New York court." *Lerner v.*
14 *Windstream Commc'ns, Inc.*, No. CV-15-4287 FMO-JPR(x), 2016 WL 2855807 at *3 (C.D. Cal.
15 May 16, 2016). The Court therefore grants the Motion to Transfer Venue to the Southern District of
16 New York.

17       **C.**    **Defendant Roc Nation's Motion to Dismiss**

18       Roc Nation brings its Motion to dismiss all claims pursuant to Rule 12(b)(6). Roc Nation
19 contends that it was not Plaintiff's employer and that it only contacted Plaintiff twice where it only
20 communicated decisions made by Megan Thee Stallion (or Ms. Pete). Motion to Dismiss at 11.

21       The Complaint is sufficient to allege a joint employer relationship for pleading purposes.
22 Plaintiff alleges that Roc Nation communicated with him to relieve him of his services—*i.e.*, firing
23 Plaintiff—and to contact him about his compensation structure—*i.e.*, payment for services rendered.
24 Complaint ¶¶ 16, 30. Plaintiff specifically pleads that he was personally contacted by Roc Nation to
25 "alter [his] compensation structure from a monthly rate to a pay-per-task system invoiced for each
26 assignment." *Id*. ¶ 30. And Plaintiff contends that Roc Nation reached out to him to inform him that
27 his services were no longer required. *Id*. ¶¶ 16, 63.
28

Viewing the Complaint in a light most favorable to Plaintiff, as the Court must for purposes of this motion, the Court finds that Plaintiff has plausibly alleged a joint employer relationship. The Court can draw the reasonable inference that Roc Nation, who had the ability to fire Plaintiff and control how Plaintiff was paid, may be considered a joint employer. *See Equal Emp. Opportunity Comm'n v. Pac. Mar. Ass'n*, 351 F.3d 1270, 1277 (9th Cir. 2003) ("Numerous courts have considered the key to joint employment to be the right to hire, supervise and fire employees."); *see also Martinez v. Combs*, 49 Cal. 4th 35, 64 (Cal. 2010) ("[E]mployer means any person who employs or exercises control over the wages, hours, or working conditions of any person.") (cleaned up). Dismissal at this stage is improper.

## V.     CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Transfer to the Southern District of New York, and denies Defendant Roc Nation's Motion to Dismiss. The case is transferred to the Southern District of New York in its entirety.[2]

Dated: October 4, 2024

Hernán D. Vera
United States District Judge

---

[2] Although Roc Nation is not a party to the Agreement, and is not subject to the forum selection clause, the Court transfers the claims against Roc Nation under 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Courts are to evaluate whether to transfer parties on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Here, the claims against Roc Nation arise from the same set of facts, legal principles, parties, and counsel. And transferring the case, in its entirety, aligns with the interests of judicial efficiency because maintaining parallel proceedings in separate jurisdictions would result in unnecessary duplication of efforts, increased costs, and potential inconsistencies. Since the claims against Roc Nation could have been brought in New York, it is proper to transfer those claims to that forum under Section 1404(a).