October 30, 2024

**By ECF**

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
Court Room 21B
New York, NY 10007-1312

Re:    <u>Emilio Garcia v. Roc Nation LLC, et al.</u>, Case No. 24-cv-07587

Dear Judge Woods:

Pursuant to Your Honor's Notice of Initial Pretrial Conference in the above referenced action, (Dkt. No. 44), Plaintiff Emilio Garcia ("Plaintiff") and Defendants Roc Nation, LLC ("Roc Nation"), Megan Thee Stallion ("Megan Pete" or "Ms. Pete"), Hot Girl Touring, LLC ("HGT"), and Megan Thee Stallion Entertainment, Inc. ("MTS Ent.") (collectively, "Defendants") submit this joint letter regarding the status of the case.

**Nature of the Case**

This dispute arises out of Plaintiff's performance of his photography and videography services for HGT from March 2020 through June 2023. Plaintiff claims that Defendants misclassified him as an independent contractor during this term, resulting in missed wages. Plaintiff also claims he was subject to a hostile work environment by Defendants. Plaintiff's claims arise under the California Government, Labor, and Business & Professions Codes.[1]

Defendants argue that the agreement Plaintiff signed in March 2020 controls. (*See* Dkt. No. 1-1, Ex. 10 (the "Agreement").) That Agreement expressly categorizes Plaintiff as an independent contractor and provides that Plaintiff would perform his photography and videography duties for HGT in that role. (*See id.* ¶ 1.) Defendants maintain that Plaintiff was an independent contractor, not an employee, and thus his misclassification, wage, and hours-based claims fail as a matter of law. Defendants further argue that Roc Nation is not a proper Defendant in this matter because Roc Nation was not Plaintiff's employer, did not have any contractual relationship with him, and did not exercise any control over Plaintiff's engagement with HGT. Defendants believe these

---

[1] Defendants dispute that California law should apply to Plaintiff's claims as he is not a California resident, the services were primarily completed outside of California, and the purported wrongful conduct (including the purported harassment) allegedly occurred outside of California. Further, Plaintiff signed an independent contractor agreement with an explicit New York choice of law provision.

1

issues can be resolved on dispositive motions without the need for trial. Defendants also deny the allegations that Plaintiff experienced a hostile workplace environment.

The major legal and factual issues necessary for resolution in the case include: (1) whether Plaintiff was an employee or independent contractor of the Defendants; and (2) whether Plaintiff experienced workplace harassment.

**Subject Matter Jurisdiction and Venue**

This Court has subject matter jurisdiction based on diversity jurisdiction. 28 U.S.C. 1332(a). All statutory requirements are met.

First, the amount in controversy exceeds $75,000 exclusive of interest and costs. Specifically, shortly after filing the Complaint, Plaintiff told NBC News that "he is seeking more than six figures" in damages.[2] Further, California courts award damages in excess of $75,000 for meritorious violations of California Government Code § 12940 ("Fair Employment and Housing Act" or "FEHA"). *See Contreras-Velazquez v. Fam. Health Centers of San Diego, Inc.*, 62 Cal. App. 5th 88, 108 (2021) (affirming award of $915,645 in compensatory damages and reduction in punitive damages from $5 million to $1.8 million in FEHA action).

Second, complete diversity exists between the parties:

- Plaintiff is an individual and citizen of Texas;

- Defendant Ms. Pete is an individual and citizen of Florida;

- Defendant MTS Ent. is a Delaware corporation with its principal place of business in Florida;

- Defendant HGT is a limited liability company whose sole member is Ms. Pete, and thus HGT's citizenship is Florida;

- Defendant Roc Nation LLC is a limited liability company whose members are Live Nation Worldwide, Inc. and Marcy Media, LLC. Live Nation Worldwide, Inc. is a Delaware corporation with its principal place of business in California. Marcy Media LLC is a limited liability company whose members include Jay Brown, Tyran Smith, Desiree Perez, Juan Perez, and Marcy Media Holdings LLC. Marcy Media Holdings LLC is a limited liability company whose members include Shawn Carter and Marcy Media Acquisition Holdings LLC. Marcy Media Acquisition Holdings LLC is a limited liability company whose sole member is Shawn Carter.

---

[2] Diana Dasrath and Rebecca Cohen, *Megan Thee Stallion accused of harassment by cameraman who said he was forced to watch her have sex*, NBC NEWS, Apr. 23, 2024, https://www.nbcnews.com/pop-culture/pop-culture-news/megan-thee-stallionaccused-harassment-cameraman-said-was-forced-watch-rcna148895.

All of the above individuals and entities are citizens of some or all of the following states: New York, New Jersey, California, and/or Delaware.

Venue is also appropriate in this Court. Parties may consent to venue through contract. *See ErGo Media Cap., LLC v. Bluemner*, 2015 WL 6442252, *2 (S.D.N.Y. Oct. 23, 2015) (citing *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996)) ("A party that consents to personal jurisdiction in a particular forum also consents to venue there."); *see also Nat'l Union Life Ins. Co. v. Casmalia Res. Ltd.*, 1990 WL 102199, *5, n.4 (S.D.N.Y. July 11, 1990) ("Venue, as with personal jurisdiction, may be created by the contractual agreement of the parties."). Here, Plaintiff and HGT agreed that the "state and Federal courts located in New York County, New York shall have exclusive jurisdiction over any dispute between the parties related to this Agreement and ***each party hereby submits to the jurisdiction, and agrees not to contest the venue, of such courts***." (Agreement ¶ 10 (emphasis added).) The district court for the Central District of California transferred this action to this Court pursuant to the Agreement's valid forum selection clause. (*See* Dkt. No. 42.) Thus, venue is proper in this Court.

**Prospective Motions**

Plaintiff: Presently, Plaintiff does not anticipate filing any motions regarding discovery or on the merits. If, however, after responses to discovery and deposition testimony lend to a viable claim for summary adjudication to any claims, Plaintiff will file a Rule 56 motion.

Defendants: Defendants intend to file a Federal Rule of Civil Procedure Rule 56 motion for summary judgment following the close of discovery. The principal ground for such motion is that Plaintiff lacks sufficient evidence to create a triable issue of material fact to support his allegations that: (1) he was misclassified as an independent contractor; (2) he experienced a hostile workplace environment; (3) that Roc Nation is his employer or joint employer; and (4) that Plaintiff, a non-California resident, can bring claims under California law related to services and purported acts that did not occur in California, especially when he signed an independent contractor agreement with a New York choice of law provision. Defendants do not presently intend to file any motions concerning discovery issues; however, to the extent issues arise during the course of discovery that require the Court's intervention, Defendants will raise these issues with the Court in a manner compliant with the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Your Honor's Individual Rules, and the Individual Rules of Magistrate Judge Jennifer Willis.

**Discovery**

To date, no discovery has taken place in this litigation. Discovery (both fact and expert) that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses in this action include and/or relate to documents, communications, and deposition testimony regarding (1) Plaintiff's performance of his photography services under the Agreement, (2) Plaintiff's compensation during the term of his engagement with HGT, and (3) what, if anything, occurred while Plaintiff was in Ibiza, Spain with Ms. Pete and thereafter. Counsel for all parties intend to serve written discovery, including requests for production, interrogatories, and requests for admission, and conduct depositions of witnesses as needed.

**Computation of Damages**

Plaintiff is seeking special and general damages as follows:

- Special Damages Stemming from being misclassified as an "Independent Contractor", which the 4-year statutory period under Ninth Cause of Action is from April 2020 thru July 2023, which accounts for 39 months of employment, or 167 weeks. Plaintiff was paid an average of $4,000 a month, which is $48,000 a year, or $23.08 per hour based on a 40 hour work week of 52 possible weeks in a year.
    - Unpaid overtime: The overtime rate would be $34.62 per overtime hour worked. Plaintiff estimates he worked approximately 15-20 hours of overtime per week, which would have a minimum value of $ 519.30 per week, or a total approximate value of $86,723.10 over the court of the 167 weeks of employment.
    - Meal and Rest Breaks: Plaintiff was routinely denied the ability to take his meal and rest periods per week, entitling him to an addition hour per missed period. With an estimated work of 5 days a week with a regular rate of $23.08, the total penalty owed per week is $461.60, or for a total of $77,087.20 accounting for the 167 weeks of employment;
    - Plaintiff is owed the $4,000 statutory maximum for the failure to get any wage statements for the statutory period
    - Plaintiff is owed the maximum 30 days of his regular pay as a waiting time penalty for failure to be paid all wages due upon his termination. The regular daily rate, including the overtime, comes out to 288.50, which over 30 days has a value of $8,655.00.
- Special Damages Stemming from Back Wages Due to Wrongful Termination (Eighth Cause of Action), is based on a $6,250 a month in lost wages (calculated on a $288.50 per day x 260 full time days in a year, divided by 12 months). As Plaintiff was terminated wrongfully in July 2023, or 15 months to date, Plaintiffs gross loss of earnings is approximately $93,750.00.
- General Damages for Emotional Distress for the wrongful termination and the harassment is estimated to be sought from a jury in excess of $5,000,000.
- Punitive Damages according to proof after appropriate discovery is conducted with leave of Court.

**Settlement Discussions**

To date, no settlement discussions have occurred.

| | |
|---|---|
| WEST COAST EMPLOYMENT LAWYERS APLC | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| By: /s/ Ronald Leonardo Zambrano<br>Ronald Leonardo Zambrano<br><br>1147 South Hope Street<br>Los Angeles, CA 90015<br>(213) 927-3700<br>ron@westcoasttriallawyers.com<br><br>*Attorneys for Plaintiff Emilio Garcia* | By: [signature]<br>Alex B. Spiro<br>Joanna E. Menillo<br>alexspiro@quinnemanuel.com<br>joannamenillo@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1601<br>(212) 849 7000<br><br>Mari F. Henderson (*pro hac vice*)<br>Julian T. Schoen (*pro hac vice*)<br>marihenderson@quinnemanuel.com<br>julianschoen@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>(213) 443 3000<br><br>*Attorneys for Defendants Megan Thee Stallion, Megan Thee Stallion Entertainment, Inc., and Hot Girl Touring, LLC*<br><br>REED SMITH LLP<br><br>By: /s/ Jordan W. Siev<br>Jordan W. Siev<br>Reed Smith LLP<br>599 Lexington Avenue<br>New York, NY 10022<br>(212) 521-5400<br>jsiev@reedsmith.com<br><br>Michael R. Kleinmann (*pro hac vice*)<br>Reed Smith LLP<br>355 South Grand Avenue, Suite 2900<br>Los Angeles, CA 90071-1514<br>213-457-8000<br>MKleinmann@ReedSmith.com<br><br>*Attorneys for Defendant Roc Nation, LLC* |