**EXHIBIT A**

# Joanna Menillo

| | |
|---|---|
| **From:** | Joanna Menillo |
| **Sent:** | Wednesday, November 6, 2024 1:12 PM |
| **To:** | Ronald Zambrano; Mari Henderson |
| **Cc:** | Nefthaly Rivera; Julian Schoen; Jordan Siev; Kleinmann, Michael R. |
| **Subject:** | RE: Garcia v. Megan thee Stallion, Roc Nation, et. al. - Meet and Confer this week |
| **Attachments:** | Dkt. 44 - Order for Conf.pdf; GHW Woods Civil Practice Rules July 1 2024.pdf |

Ron,

We believe you already have copies of the Court's conference order and Judge Woods' individual rules of practice, but out of an abundance of caution, are providing a copy of both here.

Thank you,

**Joanna Menillo**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7050 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
joannamenillo@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ronald Zambrano <ron@westcoasttriallawyers.com>
**Sent:** Wednesday, October 30, 2024 2:21 PM
**To:** Joanna Menillo <joannamenillo@quinnemanuel.com>; Mari Henderson <marihenderson@quinnemanuel.com>
**Cc:** Nefthaly Rivera <Nefthaly@westcoasttriallawyers.com>; Julian Schoen <julianschoen@quinnemanuel.com>; Jordan Siev <JSiev@ReedSmith.com>; Kleinmann, Michael R. <MKleinmann@ReedSmith.com>
**Subject:** RE: Garcia v. Megan thee Stallion, Roc Nation, et. al. - Meet and Confer this week

**[EXTERNAL EMAIL from ron@westcoasttriallawyers.com]**

Thanks, Joanna.  These dates below worked great for me.  I appreciate the accommodation.

Best,
Ron

# INDIVIDUAL RULES OF PRACTICE
# IN CIVIL CASES

### Gregory H. Woods, United States District Judge

| **Chambers** | **Courtroom** |
|---|---|
| United States District Court | 500 Pearl Street, Courtroom 12C |
| Southern District of New York | Courtroom Deputy, Valerie Adolphe |
| Daniel Patrick Moynihan United States Courthouse | (212) 805-4233 |
| 500 Pearl Street, Room 2260 | |
| New York, NY 10007 | |
| (212) 805-0296 | |
| WoodsNYSDChambers@nysd.uscourts.gov | |

**Unless otherwise ordered, these Individual Practices apply to all civil matters before Judge Woods. In cases designated to be part of one of the Court's pilot programs or plans (*e.g.*, Local Rule 83.10, or the Initial Discovery Protocols for Employment Cases Alleging Adverse Action), those procedures shall govern to the extent that they are inconsistent with these Individual Practices.**

1. Communications with Chambers

    A. **Letters.** Except as otherwise provided below, communications with the Court must be by letter. Unless there is a request to file a letter under seal or a letter contains sensitive or confidential information (see Rule 4(A), below), letters must be filed electronically on ECF. Parties should not submit courtesy copies of letters filed on ECF. Copies of correspondence between counsel must not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document). Absent a request to file a letter under seal, the parties should assume that any substantive letter will be docketed by the Court.

    Unless otherwise ordered by the Court, letters must not exceed 3 pages, excluding any exhibits. In all correspondence involving a request, the requesting party must indicate whether the adversary consents to the request.

    B. **Telephone Calls.** Parties should avoid calling Chambers unless an urgent matter requires immediate attention. Because of the limitations on *ex parte* communications with parties, phone calls are often not an efficient way to communicate with Chambers. The Court encourages parties to communicate with the Court by letter. However, if an urgent matter requiring immediate attention should arise, Chambers can be reached at (212) 805-0296.

    For docketing-related issues, please consider calling the ECF help desk at (212) 805-0800.

    C. **Faxes.** Faxes to Chambers are not permitted except with prior approval.

D. **Hand Deliveries.** Hand-delivered materials should be left with the Court Security Officers at the Worth Street entrance of the Daniel Patrick Moynihan United States District Courthouse at 500 Pearl Street, New York, NY 10007 and may not be brought directly to Chambers. Hand deliveries are retrieved regularly from the Worth Street entrance by Courthouse mail staff and then forwarded to Chambers. If the hand-delivered materials are urgent and require the Court's immediate attention, ask the Court Security Officers to notify Chambers that an urgent package has arrived that needs to be retrieved by Chambers staff immediately.

E. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made by letter and must state: (1) the original due date; (2) the number of previous requests for adjournment or extension of time; (3) the reason for the current request; (4) whether the adversary consents and, if not, the reason given by the adversary for refusing to consent; and (5) proposed alternative dates. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Civil Case Management Plan and Scheduling Order must be submitted as an attachment to the request. Absent an emergency, the request must be made at least two business days prior to the original due date.

F. **Proposed Orders and Stipulations.** In accordance with Rules 13.18 and 13.19 of the SDNY ECF Rules and Instructions, parties should file substantially all proposed orders and stipulations on ECF. Courtesy copies should not be sent to Chambers. Except as otherwise provided below, immediately following the filing of any proposed order or stipulation, parties are directed to submit a joint letter to the Court, stating (1) the reason for the request that the Court enter the proposed order or stipulation; (2) the position of each of the parties with respect to the proposed order or stipulation; (3) the basis for the Court's legal authority to enter the proposed order or stipulation; and (4) any other information that the parties believe would provide context for the Court's evaluation of the request. Parties should not expect that the Court will act on a proposed stipulation or order unless it is accompanied by such a letter. The requirement that parties provide such a letter does not apply to stipulations of voluntary dismissal submitted pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) which do not include a request that the Court grant other relief or retain jurisdiction over a dismissed action. Any other stipulation of voluntary dismissal, including a stipulation submitted pursuant to Federal Rule of Civil Procedure 41(a)(2), must be accompanied by a letter as described above.

G. **Urgent Communications.** Materials filed via ECF are generally reviewed by the Court the business day after they have been filed. If a submission requires immediate attention, please notify Chambers by telephone after the submission has been filed via ECF.

H. **Related Cases.** After an action has been accepted as related to a prior filing, all future court papers and correspondence must contain the docket number of the new filing as well as the docket number of the case to which it is related.

2. **Conferences**

    A. **Attendance by Principal Trial Counsel.** The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

    B. **Appearance Sheets.** No later than 2:00 p.m. the day before any scheduled conference with the Court, the parties are directed to jointly email to the Court an appearance sheet, using the template available on the Court's website. The appearance sheet should not be filed on the docket. The appearance sheet should include the case caption, including the case number, and should list all of the attorneys who are anticipated to participate in the conference. In the event that the parties anticipate that they will use uncommon words, or case names during the conference, they are directed to include that information in the location indicated in the template appearance form.

    C. **Telephone Conferences.** The Court may designate that a conference will be held telephonically. In some cases, the Court may direct one of the parties to set up a conference line. In all other cases, the parties should call into the Court's dedicated conference line at **(888) 557-8511**, and enter Access Code **747-0200**, followed by the pound (#) key.

    The following procedures shall apply to all teleconferences with the Court:

    i. Counsel should use a landline whenever possible, should use a headset instead of speakerphone, and must mute themselves whenever they are not speaking to eliminate background noise. In addition, counsel should not use voice-activated systems that do not allow the user to know when someone else is trying to speak at the same time.

    ii. To facilitate orderly teleconferences and the creation of an accurate transcript where a teleconference is held on the record, counsel are required to identify themselves every time they speak. Counsel should spell any proper names for the court reporter. Counsel should also take special care not to interrupt or speak over one another.

    iii. The recording of any court conference is prohibited by law.

    iv. Like in-person conferences, telephone conferences are open to the public. Members of the public or the press may join a telephone conference using the dial-in information above.

    D. **Initial Case Management Conference.** The Court will generally schedule a Federal Rule of Civil Procedure 16(c) conference within three months of the filing of the complaint or notice of removal. If a conference has not been scheduled within three months of the filing of the complaint or notice of removal, counsel must advise the Court by letter on ECF.

The Clerk's Office will email a notification to counsel when notice of the conference is docketed. Plaintiff's counsel (or, in a matter removed from state court, defense counsel) is responsible for promptly distributing copies of the notice to all parties. The notice will direct the parties, *inter alia*, to submit via ECF at least one week prior to the conference a joint letter. The notice will also direct the parties to email to WoodsNYSDChambers@nysd.uscourts.gov an editable version of their joint proposed Case Management Plan and Scheduling Order, available at https://nysd.uscourts.gov/hon-gregory-h-woods.

   i. All parties should be prepared to discuss at the initial pretrial conference any pending or anticipated motions as well as the basis for subject matter jurisdiction.

   ii. In cases invoking the Court's diversity jurisdiction:

      a. if any party is a corporation, the parties should be prepared to discuss both the place of incorporation and the principal place of business, as defined in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

      b. if any party is a partnership, limited partnership, limited liability company, or trust, the parties should be prepared to discuss the citizenship of each of the entity's members, shareholders, partners, and/or trustees.

**E. Pre-Motion Conferences.** Pre-motion submissions are required for motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, motions to compel arbitration, motions to certify collective or class actions, motions for sanctions, motions to amend a complaint or answer, motions concerning discovery, and motions to remand to state court. Pre-motion submissions do not stay any future deadlines, except that a pre-motion submission regarding a pre-answer motion to dismiss will stay that party's obligation to answer or move against the complaint through the date of the pre-motion conference.

   i. To request a pre-motion conference, except for motions concerning discovery, counsel for the movant must submit a letter setting forth the grounds for the proposed motion. If the motion is not on consent, any opposing party must submit a letter setting forth its position within five days after the request is received. Letters submitted pursuant to this section must comply with the procedures set forth above in Rule 1(A), except that exhibits to letters are not permitted under this section. The Court will promptly determine whether to hold a pre-motion conference in the matter.

   ii. To request a pre-motion conference concerning discovery, counsel must submit a single, jointly composed letter describing their discovery dispute(s). Letters submitted pursuant to this section must comply with the procedures set forth above in Rule 1(A), except that letters under this section must be no longer than 5 pages total, excluding exhibits. Strict adherence to Fed. R. Civ. P. 37(a)(1)'s "meet and confer" rule is required, and the letter must describe the efforts taken to resolve the dispute including the counsel involved and the time, place, and duration of the efforts. The

Court will issue an order or promptly schedule a conference, which will serve as the Local Rule 37.2 pre-motion conference.

3. **Motions**

    A. **Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more must contain a table of contents and a table of authorities.

    B. **Courtesy Copies.** At the time the reply is served, the movant must mail or hand-deliver to the Court two courtesy copies of all motion papers, marked as such and which include the automatically-generated ECF header at the top of each page. Courtesy copies should be double-sided, three-hole punched, tabbed, and placed in binders. The spines of the binders should be labeled to include the name of the case, the case number, and the nature of the materials included in the binder. The non-moving party must provide the movant with a set of its motion papers in time for the movant to deliver all motion papers to the Court. Unless doing so would be unduly burdensome, the movant must also submit via CD a copy of electronic, text-searchable copies of any hearing or deposition transcripts, as well as any other item on which the parties rely that cannot be submitted as a single file on ECF (*e.g.*, videos or very long documents).

    A party submitting media files in connection with a motion must, to the extent possible, provide them in a format capable of being played using commonly available media players, *e.g.*, Windows Media Player. If the media unavoidably requires special viewing software, that software must be provided to the Court in a form that does not require administrative privileges for installation or operation. Any party that submits a video or audio media file to the Court must simultaneously file a transcript of the content of the video or audio file. Because media files cannot currently be uploaded to ECF, a party submitting media files must also file them physically with the Clerk of Court.

    C. **Oral Argument on Motions.** Parties may request oral argument by indicating "Oral Argument Requested" on the cover of their moving, opposing, or reply memoranda. The Court will determine whether argument will be heard and may order argument *sua sponte*.

    D. **Motions to Dismiss.** If a motion to dismiss is filed, the plaintiff has the right to amend its pleading within 21 days pursuant to Fed. R. Civ. P. 15(a)(1)(B). On the date on which any amended complaint is filed, the plaintiff must file separately a letter that attaches a legal blackline showing changes between the amended complaint and the prior complaint.

    If the plaintiff elects not to amend its pleading, the motion will proceed in the normal course, and the plaintiff should not expect that the Court will grant further leave to amend the complaint to address the deficiencies identified in the motion to dismiss

in the ordinary course.

If the plaintiff elects to amend its pleading, the moving party must file an answer or a new motion to dismiss within 21 days of such amendment. The Court will dismiss the original motion to dismiss as moot.

**E. Motions for Summary Judgment.**

   i. **Non-Jury Cases.** Absent good cause, the Court generally will not consider summary judgment motions in non-jury cases. A party wishing to move for summary judgment in a non-jury case must submit a pre-motion letter in compliance with Rule 2(C) above and include the grounds asserted for the Court to find good cause.

   ii. **Local Rule 56.1 Statements.** A movant for summary judgment must follow Local Civil Rule 56.1, with the following modifications.

   Any party opposing summary judgment must reproduce each statement in the moving party's 56.1 Statement and set out the opposing party's response directly beneath each statement. If additional factual statements are made by the opposing party, it must begin numbering where the moving party left off. The moving party must address the additional statements in its own responsive 56.1 Statement in compliance with this rule. Where multiple parties are submitting 56.1 Statements, the parties must coordinate to ensure that no statement numerically overlaps (*i.e.*, each party should not begin its statement at 1).

   To facilitate compliance with this rule, the parties must provide all other parties with electronic, editable copies (*i.e.*, Word documents) of their 56.1 Statements upon filing.

**F. Motions to Exclude the Testimony of Experts.** Motions to exclude testimony of experts must be made by the deadline for motions for summary judgment and should not be treated as motions *in limine*.

**G. Default Judgment.** A plaintiff seeking a default judgment must proceed by way of an order to show cause pursuant to the procedure set forth in Attachment A to these rules.

**H. Objections to Rulings by Magistrate Judges.** Unless prior permission has been granted, objections to reports and recommendations by, and appeals from orders of, magistrate judges are limited to 25 pages, any opposition is limited to 25 pages, and any reply is limited to 10 pages. Briefs of 10 pages or more must contain a table of contents and a table of authorities. Reply briefs may not be filed without prior leave of Court.

4. **Other Pretrial Guidance**

    A. **Redactions and Filing Under Seal.**

    i. **Sealing/Redactions Not Requiring Court Approval.** Federal Rule of Civil Procedure 5.2 describes sensitive information that must be redacted from public court filings without seeking prior permission from the Court. Such sensitive information includes the following: Social Security numbers; names of minor children; dates of birth; and financial account numbers.

    Other information that should be treated with caution and may warrant a motion for approval of sealed or redacted filing includes personal identifying numbers (PIN numbers); medical records, treatment and diagnosis; employment history; individual financial information; proprietary or trade secret information; home addresses; and information regarding an individual's cooperation with the government.

    Sensitive information and information requiring caution must not be included in any document filed with the Court unless such inclusion is necessary and relevant to the case. If such information must be included, personal identifiers must be partially redacted in accordance with the above-cited rules and policies in order to protect any privacy interest.

    ii. **Sealing/Redaction Requiring Court Approval.** Motions or Letter Motions for approval of sealed or redacted filings in civil and miscellaneous cases and the subject documents, including the proposed sealed documents, must be filed electronically through the court's ECF system in conformity with the court's standing order, 19-mc-00583, and ECF Rules & Instructions, section 6.

    The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

    The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion. The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal.

    Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion.

To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543(JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

The party seeking leave to file sealed or redacted materials should meet and confer with any opposing parties (or third parties seeking confidential treatment of the information, if any) in advance to narrow the scope of the request. When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials.

Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper. In that case, the proposed sealed/redacted document, a copy of the motion and any supporting papers must be contemporaneously submitted to the Court in paper form, by hand delivery or mail. Digital copies of these documents must also be emailed to chambers (outside the ECF system) at WoodsNYSDChambers@nysd.uscourts.gov. Any proposed redactions must be highlighted. If the application is granted, the unredacted document must be filed under seal in the traditional manner, on paper, in conformity with the sealed records filing procedures available at https://nysd.uscourts.gov/programs/records/sealed.

B. **Application for Temporary Restraining Order.** A party must confer with his or her adversary before making an application for a temporary restraining order, unless the requirements of Fed. R. Civ. P. 65(b) are met. As soon as a party decides to seek a temporary restraining order, he or she must call Chambers at (212) 805-0296 and state clearly (1) whether the adversary has been notified and whether the adversary consents to temporary injunctive relief; or (2) that the requirements of Fed. R. Civ. P. 65(b) are satisfied and no notice is necessary. If a party's adversary has been notified but does not consent to temporary injunctive relief, the party seeking a restraining order must bring the application to the Court at a time mutually agreeable to the party and its adversary, so that the Court may have the benefit of advocacy from both sides in deciding whether to grant temporary injunctive relief. If the party requesting relief believes that the requirements of Fed. R. Civ. P. 65(b) are met and no notice is necessary, the party must still call Chambers at (212) 805-0296 to schedule a time to bring the application to the Court.

C. **Orders to Show Cause.** Any order to show cause must be presented to the Court in a manner consistent with paragraphs 3 through 8 of Attachment A to these rules. Although the ECF filing system permits the filing of a proposed order to show cause without specific prior notification to the Court, the Court will not act with respect to a proposed order to show cause unless its proponent complies fully with this rule.

D. **Protective Orders.** Parties who wish to obtain a protective order must consult the Court's Model Protective Order, which is available on the Court's website (https://nysd.uscourts.gov/hon-gregory-h-woods). The proposed protective order should be filed on ECF as an attachment to a cover letter in accordance with Rule 1(A) above, and with Rule 13.18 of the SDNY ECF Rules and Instructions. If the protective order proposed by the parties deviates from the Court's Model Protective Order, a blackline showing all deviations must be provided as a separate exhibit. If the protective order proposed by the parties does not deviate from the Court's Model Protective Order (other than changes to the caption and the signature block), the parties should expressly certify that fact in the cover letter accompanying the proposed protective order.

E. **Settlements.** The parties should email Chambers at WoodsNYSDChambers@nysd.uscourts.gov promptly following an agreement to settle a matter. The parties must thereafter submit any proposed order or stipulation in accordance with Rule 1(F) above. The Court will not retain jurisdiction to enforce confidential settlement agreements. If the parties wish that the Court retain jurisdiction to enforce the agreement, the parties must place the terms of their settlement agreement on the public record. The parties may either provide a copy of the settlement agreement for the Court to endorse or include the terms of their settlement agreement in their stipulation of settlement and dismissal.

5. **Trial Procedures**

    A. **Joint Pretrial Order.** Except as provided below, the parties must submit a joint pretrial order to the Court via ECF within 30 days from the completion of discovery. Where a party has submitted a pre-motion letter seeking to move for summary judgment or such a motion is pending, the parties must submit to the Court via ECF a joint pretrial order within 21 days from the Court's decision on the motion.

    The joint pretrial order must include the following:

    i. The full caption of the action;

    ii. The names, law firms, addresses, and telephone and fax numbers of trial counsel;

    iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements must include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

    iv. A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Such summaries must also identify all claims and defenses previously asserted which are not

to be tried. The summaries should not recite any evidentiary matter;

v. A statement as to the number of trial days needed and regarding whether the case is to be tried with or without a jury;

vi. A statement as to whether or not all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent;

vii. Any stipulations or agreed statements of fact or law to which all parties consent;

viii. A list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony;

ix. A designation by each party of deposition testimony to be offered in its case in chief and any counter-designations and objections by any other party;

x. A list by each party of exhibits to be offered in its case in chief, with a description of the type of objection, if any, for each exhibit;

xi. A statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages; and

xii. A statement of whether the parties consent to less than a unanimous verdict.

**B. Required Pretrial Filings in All Cases.** At the time the joint pretrial order is filed, each party must file and serve the following:

i. **Motions *in limine*.** Any party wishing to file a motion addressing evidentiary issues or other matters which should be resolved *in limine* must file such a motion *via* ECF. Opposition papers must be filed within seven days thereafter, and reply papers must be filed within four days of any opposition.

ii. **Documentary Exhibits.** Each party must submit to the Court by mail or hand delivery courtesy copies of each documentary exhibit sought to be admitted, pre-marked with exhibit labels that correspond to the exhibit list presented in the joint pretrial order. If the documentary exhibits to be submitted to the Court are particularly voluminous, the parties are encouraged to write to the Court in advance of the deadline to file the joint pretrial order to inquire whether the Court would prefer that courtesy copies also be submitted electronically.

iii. **Pretrial Memorandum of Law.** If a party believes that a pretrial memorandum of law would be useful to the Court, it must file the memorandum via ECF. Opposition papers to any legal argument in a pretrial memorandum must be filed within seven days thereafter, and reply papers must be filed within four days of any opposition.

C. **Additional Submissions in Jury Trials.**

  i. **Requests to Charge, Proposed Verdict Forms, and Proposed *Voir Dire* Questions.** In all jury trials, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions must be submitted at the time the proposed joint pretrial order is filed. Proposed requests to charge must include citations to supporting legal authority. For any request to charge or proposed *voir dire* question on which the parties cannot agree, each party should clearly set forth its proposed charge or question, and briefly state why the Court should use its proposed charge or question, with citations to supporting authority. At the time of filing, parties must also submit copies of these documents to the Court by e-mail (WoodsNYSDChambers@nysd.uscourts.gov) as Word documents.

D. **Additional Submissions in Non-Jury Cases.**

  i. **Proposed Findings of Fact and Conclusions of Law.** In non-jury cases, the parties must submit via ECF proposed findings of fact and conclusions of law at the time the proposed joint pretrial order is filed. The proposed findings of fact should be detailed and should include citations to the proffered evidence, as there may be no opportunity for post-trial submissions.

  ii. **Direct Testimony by Affidavit.** Unless otherwise ordered by the Court, at the time the joint pretrial order is filed, each party in a non-jury trial must submit to the Court by email (WoodsNYSDChambers@nysd.uscourts.gov) and serve on opposing counsel, but not file on ECF, the following: Copies of affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the trial. The affidavit should be treated as a direct substitute for the witness's live testimony; that is, counsel should be attentive to the Rules of Evidence (*e.g.*, hearsay and the like) and authenticate any exhibits that will be offered through that witness's testimony. Three business days after submission of such affidavits, counsel for each party must submit a list of all affiants whom he or she intends to cross-examine at the trial. No later than the earlier of (1) the date that is 14 days after the submission of such affidavits and (2) three business days before trial, the parties must submit to the Court by email and serve on opposing counsel, but not file on ECF, any objections to particular paragraphs of an affidavit. All witnesses need to appear at trial to adopt their affidavit as their direct testimony regardless of whether or not they will be cross-examined. The original signed affidavits should be brought to trial to be marked as exhibits, at which time the Court expects to rule on any pending objections to the affidavits. The Court encourages any party that wishes to present direct testimony through live testimony, rather than by affidavit, to raise their request with the Court; any such request should be made no later than one month prior to the date established for the submission of the joint pretrial order.

E. **Courtesy Copies of Trial Materials.** Two courtesy copies of all documents identified in this Section must be mailed or hand-delivered to Chambers at the time they are

served or filed. Voluminous material should be organized in tabbed binders and the spines of the binders should be labeled to include the name of the case, the case number, and the nature of the materials included in the binder.

6. **Opportunities for Junior Attorneys**

    The Court believes it is crucial to provide substantive speaking opportunities to junior lawyers, and that the benefits of doing so will accrue to all members of the profession and their clients.

    To that end, the Court strongly encourages litigants to permit more junior members of the litigation team to be active participants in court proceedings, including but not limited to pre-motion conferences, pre-trial conferences, oral argument of motions (including discovery and dispositive motions), evidentiary hearings, and examination of witnesses at trial, in an effort to provide junior attorneys with opportunities to gain meaningful experience in the litigation process.

    The Court will permit multiple attorneys to argue different issues for each party. In addition, under circumstances where the more junior attorney is permitted to present the argument to the Court, the Court will entertain reasonable requests for the more senior attorney to supplement any argument that is made.

    The Court recognizes that the ultimate decision of who conducts each proceeding is with the lawyer in charge of each case, and ultimately the represented party, and not the Court. However, the Court hopes that all lawyers practicing before it will endeavor to provide the next generation of attorneys with meaningful opportunities to participate in the litigation process.

# ATTACHMENT A

# DEFAULT JUDGMENT PROCEDURE

1. Prepare an order to show cause for default judgment and make the order returnable before Judge Woods. Leave blank the date and time for the conference; Judge Woods will set the date and time when signing the order.

2. Provide the following supporting papers with the order to show cause:

    a. One or more affidavits setting forth:

        i. the information required by Local Civil Rule 55.2(a);

        ii. the basis for entering a default judgment, including a description of the method and date of service of the summons and complaint;

        iii. the procedural history beyond service of the summons and complaint, if any;

        iv. whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately enter a default judgment on the issue of damages prior to resolution of the entire action; and

        v. the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs.

    b. A memorandum of law setting forth:

        i. choice of law;

        ii. the elements of each cause of action as to which default judgment is sought, with supporting legal authority;

        iii. for each defendant and for each cause of action as to which default judgment is sought, an analysis demonstrating that the facts pleaded in the complaint support the conclusion that the relevant defendant is liable with respect to that cause of action;

        iv. the legal authority supporting each category of damages requested;

        v. if applicable, the legal authority supporting the conclusion that an inquest into damages is unnecessary; and

        vi. where, in the view of the moving party, no inquest is necessary, for each defendant as to which default judgment is sought, an analysis demonstrating that the information presented together with the application for default

> judgment support the requested award of damages.

>> c. A proposed default judgment.

>> d. Copies of all of the pleadings.

>> e. A copy of the affidavit of service of the summons and complaint.

>> f. If failure to answer is the basis for the default, a certificate from the Clerk of Court stating that no answer has been filed. Local Civil Rule 55.1 and Rule 16.1 of the Southern District of New York Electronic Case Filing Rules & Instructions set forth the procedure for obtaining the certificate.

3. Not later than 11:00 a.m. on the day on which you intend to file an order to show cause, call Chambers to advise the Court that you intend to do so, and to schedule an appropriate time to deliver hard copies of the filing to Chambers for review.

4. File the order to show cause and supporting papers on ECF in accordance with Rule 16.3 of the Southern District of New York Electronic Case Filing Rules & Instructions.

5. On the same day, bring all of the papers in person to Chambers (Room 2260, 500 Pearl Street). Also bring a courtesy copy of the supporting papers to leave with Chambers.

6. After Judge Woods signs the order to show cause, serve a conforming copy of the order and supporting papers on the defendant. Chambers will retain the original signed order for docketing purposes, but will provide you with a copy. You may also use a printed copy of the signed order from ECF after the order has been docketed by the Court.

7. By no later than 24 hours after Judge Woods signs the order to show cause, file any supporting papers that have not previously been filed via ECF.

8. Prior to the return date, file via ECF an affidavit of service that reflects that the defendant was served with a conforming copy of the order and supporting papers.

9. Prior to the return date, confirm that the Clerk has not noted any deficiencies with respect to the proposed judgment. If any deficiencies have been noted, correct them. The proposed judgment, including all damage and interest calculations, must be approved by the Clerk prior to the conference and then brought to the conference for the judge's signature.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
           :
EMILIO GARCIA,           :
           :
           Plaintiff,      :    1:24-cv-7587-GHW
           :
     -v-         :    NOTICE OF INITIAL
           :    PRETRIAL CONFERENCE
ROC NATION LLC, *et al.*,       :
           :
           Defendants.   :
           :
-----------------------------------------------------------------------X

GREGORY H. WOODS, District Judge:

      This case has been assigned to me for all purposes. It is hereby ORDERED that counsel for all parties participate in an initial pretrial conference with the Court at the time listed below. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel. Any open legal issues can be addressed at the conference.

      All parties are required to register promptly as filing users on ECF. Counsel are further required to review and comply with the Court's Individual Rules of Practice in Civil Cases ("Individual Rules") (available at the Court's website, https://nysd.uscourts.gov/hon-gregory-h-woods).

      Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Fed. R. Civ. P. 16 conference.

      Additionally, the parties are hereby ORDERED to submit via email (WoodsNYSDChambers@nysd.uscourts.gov) a Proposed Civil Case Management Plan and Scheduling Order in editable PDF format **at least one week before the initial pretrial conference**. The parties shall use this Court's form Proposed Case Management Plan and Scheduling Order available at the Court's website (https://nysd.uscourts.gov/hon-gregory-h-woods).

      IT IS FURTHER ORDERED that the parties submit a joint letter to the Court advising the Court on the status of the case **at least one week before the initial pretrial conference**. The letter should be filed on ECF in accordance with the Court's Individual Rules using the filing event "Letter." The status letter should not exceed six pages and should include the following:

(1)    A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(2)    A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In addition, in cases for

which subject matter jurisdiction is founded on diversity of citizenship, the parties shall comply with the Court's Individual Rule 2(B)(ii);

(3) A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions, and (iii) other applications that are expected to be made at the status conference;

(4) A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));

(5) A computation of each category of damages claimed, *see* Fed. R. Civ. P. 26(a)(1)(A)(iii);

(6) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

(7) Any other information the parties believe may assist the Court in resolving the action.

If this case has been settled or otherwise terminated, counsel are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on ECF in accordance with ECF Rule 13.19 prior to the date of the conference.

Any request for an extension or adjournment shall be made only by letter as provided in Individual Rule 1(E) and must be received at least two business days before the deadline or conference. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

Counsel who have noticed an appearance as of the issuance of this order are directed (i) to notify all other parties' attorneys in this action by serving upon each of them a copy of this order and the Court's Individual Rules forthwith, and (ii) to file proof of such notice with the Court. If unaware of the identity of counsel for any of the parties, counsel receiving this order are directed (i) to serve a copy of this order and the Court's Individual Rules upon that party, and (ii) to file proof of such service with the Court.

**DUE DATE OF JOINT LETTER and PROPOSED CASE MANAGEMENT PLAN: October 30, 2024.**

**DATE AND TIME OF CONFERENCE: November 6, 2024 at 4:00 p.m.** The conference will take place in Courtroom 12C, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007.

SO ORDERED.

Dated: October 7, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge