November 15, 2024

**By ECF**

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
Court Room 12C
New York, NY 10007-1312

Re:    <u>Emilio Garcia v. Roc Nation LLC, et al.</u>, Case No. 24-cv-07587

Dear Judge Woods:

Pursuant to Your Honor's Order To Show Cause in the above referenced action (the "Action"), (Dkt. No. 57), Defendants Roc Nation, LLC ("Roc Nation"), Megan Thee Stallion ("Megan Pete" or "Ms. Pete"), Hot Girl Touring, LLC ("HGT"), and Megan Thee Stallion Entertainment, Inc. ("MTS Ent.") (collectively, "Defendants") submit this joint response in support of the Court's Order To Show Cause regarding sanctions for Plaintiff's counsel, Ronald Zambrano. Defendants respectfully request that the Court impose sanctions: (1) dismissing the Action without prejudice, allowing Plaintiff to refile when he secures New York counsel; and (2) levying a fine in the amount of the attorneys' fees associated with Defense counsel's time spent attending the initial November 6, 2024 status conference.

Sanctions are appropriate for the following reasons. *First*, Mr. Zambrano is not licensed to practice law in the State of New York or the District Court for the Southern District of New York ("SDNY"), yet attempted to appear at the November 6 initial conference telephonically and represented that he will appear in-person on November 18. (Dkt. No. 58, Declaration of Ronald Zambrano Re: Order To Show Cause ("Zambrano Decl.") ¶ 14.) *Second*, Mr. Zambrano did not request an adjournment of the initial conference and has not explained his failure to do so. (*See id*.) *Finally*, Mr. Zambrano's dilatory conduct amounts to a failure to prosecute.

**Background**

The Action was removed to federal court in the Central District of California ("C.D. Cal.") on May 29, 2024 (Dkt. No. 1). All parties noticed their appearances on the docket and all counsel relied on the PACER/ECF system to provide notice in the Action. As such, when this Action was transferred to this Court on October 7, 2024, (Dkt. No. 42 (the "Transfer Order")), Defendants' California-based counsel received contemporaneous ECF notifications, sought admission to SDNY *pro hac vice* and noticed the appearance of New York counsel. (Dkt. Nos. 45-46, 49, 52.) Given that Mr. Zambrano received all prior ECF notifications and appeared in-person for the September 12, 2024 motion to transfer hearing in C.D. Cal., Defendants had no reason to believe that Mr. Zambrano had issues receiving ECF notifications, including the Transfer Order or the October 7, 2024 Initial Pretrial Conference Order. (Dkt. No. 44 (the "Order")).

1

On October 22, 2024, Defendants e-mailed Mr. Zambrano to arrange a meet and confer pursuant to the Order and attached a proposed draft status letter and case management plan. (Zambrano Decl., Ex. B at 16.) Defendants also asked that Mr. Zambrano advise whether Plaintiff "ha[d] retained New York counsel." (*Id.*) Mr. Zambrano did not answer that question.

On October 24, 2024, the parties met and conferred. Shortly after the meet and confer, Mr. Zambrano contacted Defendants, advising that his "office hasn't received anything on this case since [October 4]." (Ex. 1.) Mr. Zambrano then emailed, "I don't think the NY court has our emails … We will call the Court first thing tomorrow to see how to fix this." (Ex. 2.) Mr. Zambrano then emailed Chambers requesting guidance on this issue. (Zambrano Decl., Ex. A.) In response, the Court instructed Mr. Zambrano to review Your Honor's Individual Rules, which "direct counsel to the Court's ECF Help Desk for question[s] regarding the ECF system, rather than to the district judge presiding over the case." (Ex. 3.)

On October 29, 2024, Mr. Zambrano approved the Joint Status Letter and Case Management Schedule, which the parties submitted to Your Honor on October 30, 2024. (Dkt. No. 54.) At 6 p.m. the day before the conference, Mr. Zambrano emailed the Court and Defendants stating: "I still haven't found local counsel. I'm currently working with someone in NY to see if they'll allow me to participate." (Ex. 4.) On November 6, 2024, Mr. Zambrano failed to appear at the Initial Pretrial Status Conference. At no time thereafter did Mr. Zambrano "request[] what transpired at the hearing" from Defendants (Zambrano Decl. ¶ 11). (*See, generally*, *id.*) As of November 12, 2024, Mr. Zambrano has not declared that he secured New York Counsel, or that he resolved his technical issues. (*See, generally*, *id.*)

**<u>Sanctions Are Warranted</u>**

*Plaintiff's Counsel Is Not Qualified To Appear In The Action.*

It is unlawful for a person to practice law in New York without having first, *inter alia*, been duly and regularly licensed or admitted *pro hac vice*. Jud. Law § 478. This section is broadly interpreted to include "legal advice and counsel as well as appearing in the courts and holding oneself out as a lawyer." *Spivak v. Sachs*, 16 N.Y.2d 163, 166 (1965).

Here, it is undisputed that Mr. Zambrano is not barred in New York. (*See* Zambrano Decl. ¶ 1.) He also has not applied for, nor been granted, *pro hac vice* admission in this Action, unlike defense counsel, who timely applied. (Dkt. Nos. 45-46, 52.) And despite his representations that he is in the process of obtaining local counsel (Zambrano Decl., Ex. A; Ex. B at 8), Mr. Zambrano has yet to do so. Notwithstanding this, Mr. Zambrano attempted to appear remotely on November 6, submitted a declaration, and claims he alone "will be participating in-person for the November 18, 2024 conference[.]" (*Id.* ¶ 14.) Similar conduct has qualified as the unauthorized practice of law. *See State ex rel. Stephen B. Diamond, P.C. v. My Pillow, Inc.*, 180 A.D.3d 419, 420 (2020) (holding out-of-state attorneys who, *inter alia*, drafted complaint and engaged in negotiations without *pro hac vice* admission engaged in the unauthorized practice of law). Accordingly, Mr. Zambrano should be sanctioned in the form of dismissal of the Action without prejudice for Plaintiff to refile his Complaint with proper New York counsel.

*Plaintiff's Counsel Failed To Request An Adjournment.*

The Court's Order provided that "[a]ny request for an extension or adjournment shall be made only by letter as provided in Individual Rule 1(E) and must be received at least two business days before the deadline or conference." (Order at 2.) Mr. Zambrano was on notice that an initial conference was scheduled for November 6 *and* that it would take place in New York. Yet, Mr. Zambrano never sought adjournment nor explained why he failed to do so. (*See, generally*, Zambrano Decl.) Instead, Mr. Zambrano claims that he "believed in good faith that [he] could participate remotely in the November 6, 2024 hearing." (*Id*. at ¶ 6.) But nothing in the Court's Order provides for remote participation: the Order unambiguously states that "[t]he conference will take place in Courtroom 12C, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007." (Order at 2.) Moreover, on November 5, 2024, the Court issued an order moving the courtroom from 12C to 26B. (Dkt. No. 55.) All Defendants understood this to mean an in-person conference and appeared in-person. Mr. Zambrano was the only attorney who did not appear. Mr. Zambrano's failure to follow this simple instruction—compounded by his failure to seek adjournment in the event he could not appear in-person—warrants sanctions for wasting the Court and Defense counsels' time.

*Plaintiff Failed To Prosecute His Own Case.*

A plaintiff has an obligation to prosecute his case diligently. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Under Federal Rule of Civil Procedure 41(b), the Court, on its own initiative, may dismiss an action for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). Mr. Zambrano has failed to prosecute Plaintiff's case diligently. Dismissal is appropriate.

Mr. Zambrano declared that he "ha[s] not received a ECF notification since October 4, 2024" and that "PACER/ECF notifications numbered '43' through '57' have not been served to anyone in my office to date." (Zambrano Decl. ¶ 3.) Mr. Zambrano's admission is puzzling. He blames his conduct on a failure to receive ECF notifications and another party he believes should be "serv[ing] … [his] office" with the docket filings. But he was directed by the Court to contact the Court's ECF Help Desk to resolve these issues and apparently did not. Moreover, Mr. Zambrano represents Plaintiff. It is his obligation to prosecute this case diligently, including by remaining abreast of developments and scheduled court appearances, and regularly checking the docket. Nor has he taken the appropriate steps to advance the Action since it was transferred to this Court, including by failing to apply *pro hac vice* or securing local counsel, and failing to obtain leave of Court for additional time to address these outstanding issues.

Accordingly, the Court should sanction Mr. Zambrano by (1) dismissing the Action without prejudice and allow Plaintiff to refile with New York counsel; and (2) levying monetary sanctions on Mr. Zambrano for attorneys' fees in the amount of $6,000 for time spent attending the initial November 6, 2024 status conference.

QUINN EMANUEL URQUHART &
  SULLIVAN, LLP

By: _____
  Alex B. Spiro
  Joanna E. Menillo
  alexspiro@quinnemanuel.com
  joannamenillo@quinnemanuel.com
  51 Madison Avenue, 22nd Floor
  New York, New York 10010-1601
  (212) 849 7000

  Mari F. Henderson (*pro hac vice*)
  Julian T. Schoen (*pro hac vice*)
  marihenderson@quinnemanuel.com
  julianschoen@quinnemanuel.com
  865 South Figueroa Street, 10th Floor
  Los Angeles, California 90017-2543
  (213) 443 3000

  *Attorneys for Defendants Megan Thee Stallion, Megan Thee Stallion Entertainment, Inc., and Hot Girl Touring, LLC*

REED SMITH LLP

By: /s/ Jordan W. Siev
  Jordan W. Siev
  Reed Smith LLP
  599 Lexington Avenue
  New York, NY 10022
  (212) 521-5400
  jsiev@reedsmith.com

  Michael R. Kleinmann (*pro hac vice*)
  Reed Smith LLP
  355 South Grand Avenue, Suite 2900
  Los Angeles, CA 90071-1514
  213-457-8000
  MKleinmann@ReedSmith.com

  *Attorneys for Defendant Roc Nation, LLC*