```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
EMILIO GARCIA,                                                    :
                                                                  :
                                              Plaintiff,          :     1:24-cv-7587-GHW
                                                                  :
                       -v-                                        :          ORDER
                                                                  :
ROC NATION LLC, et al.,                                           :
                                                                  :
                                              Defendants.         :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/2024

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

In an order dated October 7, 2024, the Court ordered that "counsel for all parties participate in an initial pretrial conference" on November 6, 2024 at 4:00 p.m. in Courtroom 12C, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007. Dkt. No. 44. On November 5, 2024, the Court issued an order moving the location of the conference from Courtroom 12C to Courtroom 26B at 500 Pearl Street, New York, NY 10007. Dkt. No. 55. On November 6, 2024, the Court, the court staff, the court reporter, and counsel for Defendants appeared in Courtroom 26B at the scheduled time, but Plaintiff failed to appear. Counsel for Plaintiff attempted to call into the Court's dedicated conference line at the time scheduled for the conference, but the conference scheduling orders did not permit parties to call into the conference. Plaintiff did not make a request to adjourn the conference prior to the scheduled time.

On November 6, 2024, the Court ordered counsel for Plaintiff, Ronald Leonardo Zambrano, to show cause why he should not be sanctioned for violating the Court's order and failing to appear as scheduled at the November 6, 2024 conference. Dkt. No. 57. Mr. Zambrano filed a responsive declaration on November 12, 2024. Dkt. No. 58 ("Zambrano Decl."). Defendants filed a response to Mr. Zambrano's declaration on November 15, 2024. Dkt. No. 59.

## II. LEGAL STANDARD

A district court has "inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order . . . ." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000). Where misconduct involves "violation of a court order or other misconduct that is not undertaken for the client's benefit, the district court need not find bad faith before imposing a sanction under its inherent power." *Id.* Fed. R. Civ. P. 16(f)(1) permits the Court to "[o]n motion or on its own . . . issue any just orders . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference." "District courts acting pursuant to their authority under Rule 16(f) are free to design the sanction to fit the violation, and their focus need not be limited to compensation of opposing counsel." *Liebowitz v. Bandshell Artist Mgt.*, 6 F.4th 267, 290 (2d Cir. 2021) (internal citations and quotation marks omitted).

Further, Fed. R. Civ. P. 16(f)(2) provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." "[C]onduct is substantially justified if there was a 'genuine dispute' or if 'reasonable people could differ' as to the appropriateness of the contested action." *Est. of Shaw v. Marcus*, 2017 WL 825317, at *7 (S.D.N.Y. Mar. 1, 2017). Substantial justification is determined by "an objective standard of reasonableness and does not require that [a party] acted in good faith." *Id.* (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995)). "[A]n attorney's failure arising out of negligence or sloppiness will not excuse a violation of Rule 16." *Tessemae's LLC v. Atlantis Capital LLC*, No. 18-CV-4902 (KHP), 2019 WL 2635956, at *3 (S.D.N.Y. June 27, 2019).

## III. DISCUSSION

The Court finds it appropriate to sanction Mr. Zambrano pursuant to Fed. R. Civ. P. 16(f).

The Court does not find that Mr. Zambrano's failure to attend the November 6, 2024 conference was substantially justified. The Court's orders make clear that the November 6, 2024 conference would be held in-person, so his erroneous assumption that he could attend the conference via telephone was not substantially justified. The Court's October 7, 2024 order clearly stated that "[t]he conference will take place in Courtroom 12C, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007." Dkt. No. 44 at 2. Further, the Court's November 5, 2024 order clearly stated that the conference was being moved to "Courtroom 26B, 500 Pearl Street, New York, NY 10007, rather than [] Courtroom 12C." Dkt. No. 55. Nothing in the Court's Individual Rules of Practice in Civil Cases implies that a party can attend an in-person conference over telephone. Individual Rule 2(C) states only that the Court "*may* designate that a conference will be held telephonically" (emphasis added), and that in those cases, "the parties should call into the Court's dedicated conference line." Mr. Zambrano was not substantially justified in reading from this rule that he could attend an in-person conference by calling into the Court's dedicated conference line. *See* Zambrano Decl. ¶ 7 ("[I]n retrospect, I made the erroneous assumption remote participation was allowed.").

Nor does Mr. Zambrano's difficulty with ECF substantially justify "violat[ing] the Court's order . . . by failing to appear, request an adjournment, or otherwise inform the Court that he would not appear." *Tessemae's LLC v. Atlantis Capital LLC*, No. 18-CV-4902 (KHP), 2019 WL 2635956, at *4 (S.D.N.Y. June 27, 2019). First, Mr. Zambrano, as counsel for Plaintiff, is "responsible for monitoring communications regarding her client and case," which includes checking the electronic docket after his client's case is transferred to this District. *Del Rio v. 257 SG Pizza Corp.*, No. 19-CV-3426 (OTW), 2021 WL 1907413, at *2 (S.D.N.Y. Apr. 6, 2021). Second, after Mr. Zambrano emailed the Court's Chambers on October 24, 2024 asking for assistance with ECF notifications in violation of the Court's Individual Rules, the Court's Chambers replied that same day by reminding

3

Mr. Zambrano that "all communications with the Court must, by default, be made by letter filed on the docket" and that the Court's Individual Rules "direct counsel to the Court's ECF Help Desk for question[s] regarding the ECF system." Dkt. No. 59-3. It was Mr. Zambrano's responsibility to use the resources to which he was referred in order to ensure that he received ECF notifications.

Third, despite his difficulty receiving ECF notifications, Mr. Zambrano learned about the conference and read the scheduling order with sufficient time to request an adjournment if he was unable to attend the conference. Mr. Zambrano concedes that he learned of the November 6, 2024 conference and read the Court's scheduling order as early as October 24, 2024. Zambrano Decl. ¶ 5. The Court's October 7, 2024 scheduling order stated that "[a]ny request for an extension or adjournment shall be made only by letter as provided in Individual Rule 1(E) and must be received at least two business days before the deadline or conference." Dkt. No. 44. Further, Mr. Zambrano was aware of the Court's Individual Rules, *see* Zambrano Decl. ¶ 7, which advise parties that they may file letter requests for adjournments or extensions of time. Therefore, Mr. Zambrano was aware that he "could have sought relief from the Court's [o]rder on account of [his] unavailability, but he did not do so." *Rice v. NBCUniversal Media, LLC*, No. 19-CV-447 (JMF), 2019 WL 3000808, at *3 (S.D.N.Y. July 10, 2019), *report and recommendation adopted*, No. 19-CV-447 (JMF), 2019 WL 3752491 (S.D.N.Y. Aug. 8, 2019). Mr. Zambrano did not take the relatively simple expedient of writing the Court to request an adjournment; nor, it appears, did he ask his adversaries to request one on his behalf. Either of those alternatives would have spared the Court and counsel for his adversaries time that was instead wasted.

The Court finds no "circumstances [that] make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Mr. Zambrano has offered no reason why imposing a sanction consistent with Rule 16(f) would be unjust. Mr. Zambrano has not "claim[ed] pecuniary hardship," *Grenion v. Farmers Ins. Exch.*, No. CV 12-3219 JS GRB, 2014 WL 1284635, at *8 (E.D.N.Y. Mar. 14, 2014), "and this Court

4

finds no other circumstance that makes imposing a sanction against him unjust," *Vicente v. Ljubica Contractors LLC*, No. 18-CV-0419 (VSB) (OTW), 2019 WL 2137001, at *5 (S.D.N.Y. May 16, 2019).

While Mr. Zambrano has "apologize[d] to the Court and all counsel for [his] mistake and for any inconvenience caused by same," Zambrano Decl. ¶ 15, the consequences of his failure to follow the Court's orders and to attend the scheduled conference—or to simply take the time to write a letter to request that the Court adjourn the conference—are greater than mere "inconvenience." That is because Defendants pay for their attorneys' time.  It would be unjust for Defendants to bear the expense of attorneys' fees for a conference for which Plaintiff's counsel failed to appear or request adjournment without substantial justification.  For these reasons, the Court orders that, consistent with Fed. R. Civ. P. 16(f), Mr. Zambrano pay the reasonable expenses incurred by Defendants in appearing at the November 6, 2024 conference as ordered.

Second Circuit precedent requires that a party seeking an award of attorneys' fees support its request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983).  Fee applications that do not contain such supporting data "should normally be disallowed." *Id.* at 1154; *accord Scott v. City of New York*, 643 F.3d 56, 58 (2d Cir. 2011). District courts have "considerable discretion" in determining what constitutes a reasonable award of attorneys' fees. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).  The Second Circuit has directed that district "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)).  Those hourly rates "are the market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S.

5

886, 896 n.11 (1984)).

Therefore, Defendants are directed to file by no later than December 2, 2024, an application for an award of attorneys' fees, accompanied by an affidavit of counsel and appropriate time sheets, reflecting the total amount of fees and costs incurred by Defendants in traveling to and attending the November 6, 2024 conference.

SO ORDERED.

Dated: November 19, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge