UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILIO GARCIA,<br><br>                    Plaintiff,<br><br>    v.<br><br>ROC NATION LLC; HOT GIRL TOURING, LLC; MEGAN THEE STALLION ENTERTAINMENT, INC.; MEGAN THEE STALLION; and DOES 1 THROUGH 10, inclusive,<br><br>                    Defendants. | Civil Action No.   1:24-cv-07587-GHW |

**DEFENDANTS MEGAN THEE STALLION, HOT GIRL TOURING, LLC, MEGAN THEE STALLION ENTERTAINMENT, INC., AND ROC NATION, LLC'S APPLICATION FOR ATTORNEYS' FEES**

# **TABLE OF CONTENTS**

BACKGROUND ...................................................................................................................1
ARGUMENT .......................................................................................................................2
I.   MR. SIEV AND MS. MENILLO'S HOURLY RATES ARE REASONABLE.................3
II.  MR. SIEV AND MS. MENILLO'S NUMBER OF HOURS IS REASONABLE..............6
CONCLUSION....................................................................................................................7

**TABLE OF AUTHORITIES**

<u>Page</u>

<u>Cases</u>

*Academy of Television Arts & Sciences v. National Academy of Television Arts & Sciences, Am. Arbitration Assoc.*,
　Case No. 72 140 00247 07 ................................................................................................... 5

*In re Am. Home Mortgage Holdings, Inc.*,
　Case No. 07-11047, Dkt. 3695 (Bankr. D. Del. Apr. 14, 2008) .................................................. 6

*Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*,
　No. 10 Civ. 1853 (PGG), 2011 WL 1002439 (S.D.N.Y. Mar. 16, 2011) ................................... 3

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
　522 F.3d 182 (2d Cir. 2008) .............................................................................................. 2, 3

*Bistro Executive, Inc. v. Rewards Network, Inc.*,
　Case No. 04-cv-4640-CBM (C.D. Cal. Nov. 19, 2007) (ECF No. 357) ...................................... 6

*Blattman v. Siebel*,
　No. CV 15-530-CFC (D. Del. Dec. 6, 2021) (ECF No. 434) ..................................................... 4

*Clark v. Castor and Pollux Ltd. Liability Co.*,
　2019 WL 4467117 (N.Y. Sup. Ct. Sep. 18, 2019) .................................................................... 4

*Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*,
　34 F.3d 1148 (2d Cir. 1994) .................................................................................................... 6

*Custodio v. Am. Chain Link & Constr., Inc.*,
　No. 08 Civ. 7148 (GBD)(HBP), 2014 WL 116147 (S.D.N.Y. Jan. 13, 2014) ............................ 6

*DIRECTV, Inc. v. NWS Corp., Am. Arbitration Assoc.*,
　Case No. 72 494 Y 00219 09 ................................................................................................... 5

*Liqwd, Inc. v. L'Oréal USA, Inc.*,
　CIVIL ACTION NO. 17-14-JFB-SRF, 25-28 ......................................................................... 5

*Lockton v. O'Rourke*,
　Case No. BC361629 (Cal. Super. Ct. Feb. 23, 2011) ............................................................... 5

*Millea v. Metro-North R.R. Co.*,
　658 F.3d 154 (2d Cir. 2011) ..................................................................................................... 2

*Monrovia Nursery Co. v. Rosedale*,
　Case No. BC351140 (Cal. Super. Ct. Jan. 12, 2009) ............................................................... 5

*New York State Ass'n for Retarded Children, Inc. v. Carey*,
   711 F.2d 1136 (2d Cir. 1983)..................................................................................................6

*Packaging Advantage Prop. Assocs., LLC v. Packaging Advantage Corp.*,
   Case No. CV045957 (Cal. Super. Ct. Nov. 6, 2007) ...............................................................6

*Proofpoint, Inc., et al. v. Vade Secure, Inc., et al.*,
   No. 19-cv-04238-MMC (RMI) (N.D. Cal. Dec. 17, 2020) .....................................................5

*Riverside Cnty. Dept. of Mental Health v. A.S.*,
   Case No. 08-cv-00503-ABC (C.D. Cal. Feb. 22, 2010) (ECF No. 123) ..................................5

*Rudi v. Wexner*,
   2022 WL 1682297 (S.D. Ohio May 16, 2022) .......................................................................4

*Simmons v. N.Y.C. Transit Auth.*,
   575 F.3d 170 (2d Cir. 2009)....................................................................................................3

*Surveillance Technology Oversight Project v. N.Y. City Police Dep't*
   (Sup. Ct. N.Y. Cty. Jan. 24, 2024) ..........................................................................................4

*Transweb, LLC v. 3M Innovative Props. Co.*,
   No. 10-cv-04413-FSH (D.N.J. Sept. 24, 2013) (ECF No. 567)...............................................5

*Vista Outdoor, Inc. v. Reeves Family Tr.*,
   2018 U.S. Dist. LEXIS 102224 (S.D.N.Y. May 24, 2018).....................................................3

## Other Authorities

Fed. R. Civ. P. 16(f)........................................................................................................................1

LAW.COM (Jan. 31, 2024),
   https://www.law.com/americanlawyer/2024/01/31/big-law-rates-continue-
   rising-but-trail-2023-increases-so-far/ ....................................................................................4

Defendants Megan Thee Stallion (Megan Pete), Hot Girl Touring, LLC, Megan Thee Stallion Entertainment, Inc. (collectively, the "Pete Defendants"), and Roc Nation, LLC ("Roc Nation") respectfully submit this application for attorneys' fees, pursuant to the Court's Memorandum and Order dated November 19, 2024 (the "Order"). (Dkt. No. 65.)

## BACKGROUND

On October 7, 2024, the Court ordered that "counsel for all parties participate in an initial pretrial conference" on November 6, 2024 at 4:00 p.m. in Courtroom 12C, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007 (the "November 6 Conference"). (Dkt. No. 44.) On November 5, 2024, the Court moved the location of the November 6 Conference from Courtroom 12C to Courtroom 26B. (Dkt. No. 55.) At the November 6 Conference, counsel for the Pete Defendants and Roc Nation appeared, but Plaintiff's counsel did not. Plaintiff's counsel also failed to request an adjournment. Subsequently, the Court issued an order to show cause as to why Plaintiff's counsel should not be sanctioned for failing to appear at the November 6 Conference. (Dkt. No. 57.) On November 12, 2024, Plaintiff's counsel submitted a declaration. (Dkt. No. 58.) On November 15, 2024, defense counsel filed a response. (Dkt. No. 59.) On November 19, 2024, the Court sanctioned Plaintiff's counsel pursuant to Fed. R. Civ. P. 16(f) for his failure to appear at or attend the November 6 Conference (the "Order"). (Dkt. No. 65.)

Pursuant to the Court's Order, the Pete Defendants and Roc Nation submit this application for attorneys' fees. As set forth herein and in the accompanying declarations and exhibits, the Pete Defendants and Roc Nation incurred reasonable attorneys' fees in attending and traveling to the November 6 Conference. Accordingly, the Pete Defendants and Roc Nation respectfully request

1

an award in the full amount of these fees reasonably attributable to Plaintiff's counsel's failure to appear at the November 6 Conference, as explained herein.

## ARGUMENT

In determining whether a request for attorneys' fees is reasonable, courts in this Circuit begin with the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The "presumptively reasonable fee" is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). As described in the accompanying declaration, Jordan Siev, a 20-plus-year partner at Reed Smith, LLP, and Joanna Menillo, a tenth-year associate attorney at Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attended the November 6 Conference. (Declaration of Jordan Siev ("Siev Decl.") at ¶ 2); (Declaration of Joanna Menillo ("Menillo Decl.") at ¶¶ 1-3.) Mr. Siev, whose time on this matter is billed at a rate of $1,750, performed a total of 1.5 hours of work in connection with attending and traveling to the initial Conference. (Siev Decl. at ¶¶ 3-5.) Ms. Menillo, whose time on this matter is billed at a rate of $1,295 per hour, performed a total of 1.5 hours of work in connection with attending and traveling to the November 6 Conference. (Menillo Decl. at ¶¶ 3-7.) As explained more fully herein and in his declaration, Mr. Siev estimates that 100 percent of that time, or 1.5 hours, is reasonably attributable to Plaintiff's failure to appear at the November 6 Conference. (Siev Decl. at ¶¶ 4-6.) Ms. Menillo estimates that 100 percent of that time, or 1.5 hours, is reasonably attributable to Plaintiff's failure to appear at the November 6 Conference. (Menillo Decl. at ¶¶ 5-7.) Accordingly, the Pete Defendants' and Roc Nation's reasonable attorneys' fees total $4,736.70.

I.       **MR. SIEV AND MS. MENILLO'S HOURLY RATES ARE REASONABLE**

"A reasonable starting point for determining the hourly rate for purposes of a presumptively reasonable fee calculation is the attorney's customary rate." *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, No. 10 Civ. 1853 (PGG), 2011 WL 1002439, at *6 (S.D.N.Y. Mar. 16, 2011) (internal quotation marks and brackets omitted). The Court should also "look to market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (internal quotation marks omitted). Additionally, the Second Circuit has equated the "reasonable hourly rate" with the rate a "reasonable, paying client would be willing to pay." *Id.* (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 184).

Based on the prevailing market rates for work by attorneys of comparable experience at peer law firms in New York, Mr. Siev and Ms. Menillo's hourly rates are reasonable. Mr. Siev's billing rate is in line with his customary billing rate at Reed Smith and the customary rate for an attorney with 36 years of experience. (Siev Decl. ¶ 2-3.) Reed Smith performs work at rates similar to Quinn Emmanuel and thus comparable rates are reasonable for a firm like Reed Smith as well. *See Vista Outdoor, Inc. v. Reeves Family Tr.*, 2018 U.S. Dist. LEXIS 102224, at *19 (S.D.N.Y. May 24, 2018) (hourly rates up to $1,260 in 2018 were "not excessive in the New York City 'big firm' market"); *Angelo, Gordon & Co.*, 2021 U.S. Dist. LEXIS 70271, at *3 (rates of $1,350 per hour for partners at large law firm, " [were] comparable to rates awarded in this jurisdiction"); *see also Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) ("The presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively.")

Ms. Menillo's billing rate is in line with her customary billing rate at Quinn Emanuel and the customary rate for an attorney with ten years of experience. (Menillo Decl. ¶ 4.) Because of the qualifications of Quinn Emanuel's attorneys and the award-winning, high-level quality of its representation, the New York State Supreme Court for New York County—which, like SDNY, includes New York City and the Bronx—has held that Quinn Emanuel's hourly rates are reasonable. *See Clark v. Castor and Pollux Ltd. Liability Co.*, 2019 WL 4467117, at *19 (N.Y. Sup. Ct. Sep. 18, 2019) ("Counsel's experience, ability and reputation further supports the requested fees. Ms. Clark was fortunate to obtain the capable assistance of Quinn Emanuel, 'one of the top litigation firms in the country,' whose 'experience, reputation, and ability' are widely regarded as 'outstanding.'" … "Quinn Emanuel's rates are reasonable for a firm of its stature and comparable to those charged by other leading firms."); *see, e.g., Surveillance Technology Oversight Project v. N.Y. City Police Dep't* (Sup. Ct. N.Y. Cty. Jan. 24, 2024) (Index No. 151747/2023), NYSCEF No. 44 (noting that "Quinn Emanuel is a top law firm, and thus their rates may be more than others, but [they] do not seem to be exorbitant"); *see also* Dan Roe, "Big Law Rates Continue Rising, But Trail 2023 Increase So Far," LAW.COM (Jan. 31, 2024), https://www.law.com/americanlawyer/2024/01/31/big-law-rates-continue-rising-but-trail-2023-increases-so-far/ (noting that many top law firms now bill between $700 and $1,575 for associates and $1,200 and $2,700 for partners). Ms. Menillo's billing rate of $1,295.00 per hour is thus reasonable.

In addition, other courts and arbitrators have examined Quinn Emanuel's billing rates and have found them reasonable. *See Blattman v. Siebel,* No. CV 15-530-CFC, (D. Del. Dec. 6, 2021) (ECF No. 434) (finding attorneys' fees requested by Quinn Emanuel reasonable and declining to reduce the fee award by the requested percentage); *Rudi v. Wexner*, 2022 WL 1682297, at *5 (S.D.

4

Ohio May 16, 2022) ("The Court finds that [Quinn Emanuel's] hourly rates are reasonable under the circumstances of this particular [contingency] case. Accordingly, this factor weighs in favor of granting the requested fee."); *Proofpoint, Inc., et al. v. Vade Secure, Inc., et al.*, No. 19-cv-04238-MMC (RMI) (N.D. Cal. Dec. 17, 2020) (finding that Quinn Emanuel attorneys "are experienced and seasoned practitioners; that they are employed at a large international firm with a highly regarded reputation; that they have highly specialized … backgrounds" and that the firm's fees are reasonable); *Liqwd, Inc. v. L'Oréal USA, Inc.*, CIVIL ACTION NO. 17-14-JFB-SRF, 25-28 (D. Del. Dec. 16, 2019) (finding that Quinn Emanuel's "hourly rates and [] hours spent [are] reasonable"); Report and Recommendation of Special Master, *Transweb, LLC v. 3M Innovative Props. Co.*, No. 10-cv-04413-FSH (D.N.J. Sept. 24, 2013) (ECF No. 567) (Special Master's ruling finding that Quinn Emanuel was a "premier litigation firm" and that total fees of $26,146,493.45 were reasonable); Final Award, *DIRECTV, Inc. v. NWS Corp., Am. Arbitration Assoc.*, Case No. 72 494 Y 00219 09 NOLG (June 15, 2010) (find Quinn Emanuel's rates and hours reasonable); Notice of Ruling on Quinn Defendants' Motion for Award of Attorneys' Fees, *Lockton v. O'Rourke*, Case No. BC361629 (Cal. Super. Ct. Feb. 23, 2011) (attaching Feb. 14 court order finding Quinn Emanuel's rates and total hours reasonable); Order Granting Plaintiff's and Plaintiffs in Intervention's Motions for Attorneys' Fees, *Monrovia Nursery Co. v. Rosedale*, Case No. BC351140 (Cal. Super. Ct. Jan. 12, 2009) (finding Quinn Emanuel's rates and total fees reasonable); Civil Minutes re: Order Granting Motion for Attorneys' Fees, *Riverside Cnty. Dept. of Mental Health v. A.S.*, Case No. 08-cv-00503-ABC (C.D. Cal. Feb. 22, 2010) (ECF No. 123) (awarding full amount of attorneys' fees sought for work performed by Quinn Emanuel); Final Award, *Academy of Television Arts & Sciences v. National Academy of Television Arts & Sciences, Am. Arbitration Assoc.*, Case No. 72 140 00247 07 JENF at ¶ 2.2 (May 19, 2008) (finding Quinn

Emanuel's billable rates and hourly totals reasonable); Order Approving Interim Fee Requests Regarding Professionals, *In re Am. Home Mortgage Holdings, Inc.*, Case No. 07-11047, Dkt. 3695 (Bankr. D. Del. Apr. 14, 2008) (finding attorneys' fees requested by Quinn Emanuel were reasonable); Order Granting In Part Defendant Packaging Advantage Corp.'s Motion For An Award Of Attorneys' Fees And Costs, *Packaging Advantage Prop. Assocs., LLC v. Packaging Advantage Corp.*, Case No. CV045957 (Cal. Super. Ct. Nov. 6, 2007) (granting full amount of Quinn Emanuel's fee request); *Bistro Executive, Inc. v. Rewards Network, Inc.*, Case No. 04-cv-4640-CBM (C.D. Cal. Nov. 19, 2007) (ECF No. 357) (finding Quinn Emanuel's attorney rates and hours were reasonable).

## II.     MR. SIEV AND MS. MENILLO'S NUMBER OF HOURS IS REASONABLE

An application for attorneys' fees "must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The applicant need not provide actual bills or invoices: "Transcriptions of contemporaneous time records containing the above information have been found to satisfy this requirement." *Custodio v. Am. Chain Link & Constr., Inc.*, No. 08 Civ. 7148 (GBD)(HBP), 2014 WL 116147, at *9 (S.D.N.Y. Jan. 13, 2014) (citing *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994)).

The number of hours billed by Mr. Siev is reasonable. As his contemporaneous time records show, Mr. Siev performed a total of 1.5 hours in connection with the attending and traveling to the November 6 Conference. (Siev Decl. at ¶¶ 4-6 & Exs. A, B.) Mr. Siev's hours are reasonable in light of the work he performed. (*Id.*)

The number of hours billed by Ms. Menillo is also reasonable. As her contemporaneous time records show, Ms. Menillo performed a total of 1.5 hours in connection with attending and traveling to the November 6 Conference. (Menillo Decl. at ¶¶ 5-7 & Exs. 1-2.) Her work included traveling to the Courthouse for the initial conference, and appearing before the Court for the initial conference. (*Id.*) Ms. Menillo's hours are reasonable in light of the work she performed. (*Id.*)

## CONCLUSION

For the reasons set forth herein and in the accompanying declarations and exhibit, the Pete Defendants should be awarded reasonable attorneys' fees totaling $2,020.92, equal to Ms. Menillo's rate ($1,295 per hour) multiplied by the number of hours reasonably attributable to Plaintiff's failure to respond to appear for the initial scheduling conference (1.5 hours) and the additional travel expenses incurred of $78.42, for a total of $2,020.92. (Menillo Decl. at ¶¶ 5-7, Exs. 1-2.) Additionally, Roc Nation should be awarded reasonable attorneys' fees totaling $2,715.78, equal to Mr. Siev's rate ($1,750 per hour) multiplied by the number of hours reasonably attributable to Plaintiff's failure to respond to appear for the initial scheduling conference (1.5 hours) and the additional travel expenses incurred of $90.78 for transportation from the Courthouse after the Conference, for a total of $2,715.78. (Siev Decl. at ¶¶ 4-6, Exs. A-B.) The grand total of monetary sanctions is $4,736.70.

DATED: December 2, 2024  QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: *Joanna E. Menillo*
Alex B. Spiro
Joanna E. Menillo
alexspiro@quinnemanuel.com
joannamenillo@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

Mari F. Henderson (*pro hac vice*)
Julian T. Schoen (*pro hac vice*)
marihenderson@quinnemanuel.com
julianschoen@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443 3000

*Attorneys for Defendants Megan Thee Stallion, Megan Thee Stallion Entertainment, Inc., and Hot Girl Touring, LLC*

/s/ Jordan W. Siev
Jordan W. Siev
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
(212) 521-5400
jsiev@reedsmith.com

Michael R. Kleinmann (*pro hac vice*)
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
213-457-8000
MKleinmann@ReedSmith.com
*Attorneys for Defendant Roc Nation, LLC*

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, I served a copy of the foregoing to all counsel via the court's electronic filing system.

*Joanna E. Menillo*
Joanna E. Menillo
joannamenillo@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

*Attorneys for Defendants Megan Thee Stallion, Megan Thee Stallion Entertainment, Inc., and Hot Girl Touring, LLC*