UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILIO GARCIA,<br><br>                          Plaintiff,<br><br>  v.<br><br>ROC NATION LLC; HOT GIRL TOURING, LLC; MEGAN THEE STALLION ENTERTAINMENT, INC.; MEGAN THEE STALLION; and DOES 1 THROUGH 10, inclusive,<br><br>                          Defendants. | Civil Action No.  1:24-cv-07587-GHW |

**DEFENDANTS MEGAN THEE STALLION, HOT GIRL TOURING, LLC, MEGAN THEE STALLION ENTERTAINMENT, INC., AND ROC NATION, LLC'S REPLY IN SUPPORT OF THEIR APPLICATION FOR ATTORNEYS' FEES**

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*United States v. Seltzer*,
    227 F.3d 36 (2d Cir. 2000)..................................................................................................1, 2

### Statutes

Local Rule 54.1 ...............................................................................................................................2

Local Rule 16(f) ..............................................................................................................................2

Local Rule 16(f)(1)(A).....................................................................................................................1

Local Rule 16(f)(2) ..........................................................................................................................2

Defendants Megan Thee Stallion (Megan Pete), Hot Girl Touring, LLC, Megan Thee Stallion Entertainment, Inc. (collectively, the "Pete Defendants"), and Roc Nation, LLC ("Roc Nation," and collectively with the Pete Defendants, "Defendants") respectfully submit this reply in support of their application for attorneys' fees (Dkt. No. 67) (the "Application"), pursuant to the Court's Order dated December 2, 2024 (the "Order"). (Dkt. No. 70.)

Ronald Zambrano's opposition to Defendants' application for attorneys' fees (Dkt. No. 72) (the "Opp.") is flawed for at least three reasons. *First*, the arguments in the Opp. are untimely. Nearly the entirety of Mr. Zambrano's Opp. contests the Court's jurisdiction to impose sanctions and other purportedly procedural issues. *See* Opp. at 2-5.[1] But the opportunity to make procedural arguments has passed. He could have—but did not—raise these arguments in response to the Order to Show Cause (Dkt. No. 57) **before** the Court decided that sanctions were appropriate. (Dkt. No. 58.) Nor were these arguments addressed during the Initial Pretrial Conference, which Mr. Zambrano attended and where he had the opportunity to be heard on the issue of sanctions. Mr. Zambrano thus waived his right to challenge the Court's jurisdiction to impose sanctions, and the arguments in his Opp. should be disregarded as untimely.

*Second*, the Court properly issued sanctions against Mr. Zambrano. The Order To Show Cause expressly invokes the Court's "inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order." (Dkt. No. 57) (citing *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000). Additionally, Federal Rule of Civil Procedure ("Rule") 16(f)(1)(A) grants the Court the power "on its own" to issue sanctions against an attorney who "fails to appear at a scheduling or other pretrial conference." The issue is straight forward. Mr. Zambrano was

---

[1] Indeed, Mr. Zambrano concedes that the Defendants' request for attorneys' fees is reasonable. Opp. at 5 ("[T]he opposing party ***only*** objects to the award of attorney travel expenses[.]") (emphasis added).

1

required to appear, in person, at the November 6, 2024 initial conference. (Dkt. No. 44.) He did not. He thus violated the Court's initial scheduling Order. Regardless of the applicable standard—*Seltzer* or Rule 16(f)—the Court had the power to issue sanctions against Mr. Zambrano, and properly exercised its authority in doing so.

*Finally*, Defendants are entitled to their travel expenses incurred because of Mr. Zambrano's failure to appear at the November 6 Initial Pretrial Conference. Rule 16(f)(2) grants the Court the power to sanction "the party, **the attorney**, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule[.]" (emphasis added). Travel expenses incurred by the Defendants' counsel in attending the November 6 Initial Pretrial Conference, where Mr. Zambrano failed to appear, are reasonable and supported by receipts. (Dkt. Nos. 68-2, 69-2.) In any event, Mr. Zambrano's reliance on Local Rule 54.1 is misguided. Local Rule 54.1 concerns taxable costs "after the entry of final judgment, or . . . after the final disposition of the appeal[.]" No final judgment or final disposition of an appeal has been entered in this case. Indeed, discovery is in its infancy—far from a final disposition of the action. Accordingly, Local Rule 54.1 is inapposite, and Defendants' travel expenses are reasonable.

For the reasons set forth herein and in Defendants' Application and supporting documents, Defendants' sanction request of $4,736.70 is reasonable.

2

DATED:   December 13, 2024    QUINN EMANUEL URQUHART &
                                                                                      SULLIVAN, LLP

By: *Joanna E. Menillo*
    Alex B. Spiro
    Joanna E. Menillo
    alexspiro@quinnemanuel.com
    joannamenillo@quinnemanuel.com
    295 Fifth Avenue
    New York, New York 10016
    (212) 849-7000

    Mari F. Henderson (*pro hac vice*)
    Julian T. Schoen (*pro hac vice*)
    marihenderson@quinnemanuel.com
    julianschoen@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
    (213) 443 3000

    *Attorneys for Defendants Megan Thee Stallion, Megan Thee Stallion Entertainment, Inc., and Hot Girl Touring, LLC*


    /s/ Jordan W. Siev
    Jordan W. Siev
    Reed Smith LLP
    599 Lexington Avenue
    New York, NY 10022
    (212) 521-5400
    jsiev@reedsmith.com

    Michael R. Kleinmann (*pro hac vice*)
    Reed Smith LLP
    355 South Grand Avenue, Suite 2900
    Los Angeles, CA 90071-1514
    213-457-8000
    MKleinmann@ReedSmith.com
    *Attorneys for Defendant Roc Nation, LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 13, 2024, I served a copy of the foregoing to all counsel via the court's electronic filing system.

                                    *Joanna E. Menillo*
                                    Joanna E. Menillo
                                    joannamenillo@quinnemanuel.com
                                    51 Madison Avenue, 22nd Floor
                                    New York, New York 10010-1601
                                    (212) 849-7000

                                    *Attorneys for Defendants Megan Thee Stallion,*
                                    *Megan Thee Stallion Entertainment, Inc., and*
                                    *Hot Girl Touring, LLC*