

**Joseph Jeziorkowski** | Partner
**William Knight** | Associate Attorney
2 Westchester Park Dr. Ste. 205 | White Plains, NY 10604
Main 914.730.2422 | Fax 909.677.2290
JJJ@valiantlaw.com | WFK@valiantlaw.com

December 19, 2024

<u>*VIA ECF*</u>

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
Courtroom 12C
New York, NY 10007

      **RE:**   *Emilio Garcia v. Roc Nation LLC, et al.*;
                 Case No. 24-cv-07587 (GHW)

Dear Judge Woods:

      We are co-counsel for Plaintiffs in the above-referenced matter. Pursuant to Your Honor's Individual Rules of Practice Rule 2(E), Scheduling Order (Docket No. 64) and Federal R. Civ. Procedure 15(a)(2), we write to request a pre-motion conference as a prerequisite for our anticipated motion for leave to file the attached Amended Complaint (Ex. A). The Amended Complaint adds ten (10) causes of action sounding in discrimination, retaliation, aiding and abetting discrimination pursuant to New York State Human Rights Law, New York City Human Rights Law, and New York Labor Law.

      A motion to amend is generally governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the decision lies within the sound discretion of the court, the Second Circuit has consistently held that leave to amend should be granted freely in the absence of a showing by the nonmovant of prejudice or bad faith. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *State Teachers Retirement Board v. Flour Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

      In discussing the use of this discretion, the Supreme Court has stated that "[I]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should . . . be freely given." *Foman v. Davis*, 371 U.S. 178, 182, S.Ct. 227, 9 L.Ed.2d 222 (1962). Such an approach ensures that a claim will be decided on the merits rather than on technicalities. See *Sutton v. New Century Financial Service*, No. 05-3125, 2006 U.S. Dist. LEXIS 93685, at *3-4 (D.N.J. Dec. 11, 2006).

*Re: Garcia v. Roc Nation, LLC, et al.*
December 19, 2024
Page 2

    The party opposing the amendment bears the burden of demonstrating that leave to amend would be prejudicial or futile. *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 268 F.R.D. 160, 164 (E.D.N.Y. 2010). The issue of futility, however, is not whether the plaintiff will ultimately prevail but whether he is entitled to offer evidence to support the claims asserted. *Id.*; *see also Luparello v. Incorporated Village of Garden City,* 209 F.Supp.2d 341, 343 (E.D.N.Y. 2003); *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995). In making this determination, the court should not consider the merits of a claim or defense unless the amendment is "clearly frivolous or legally insufficient on its face." *Blaskiewicz v. County of Suffolk*, 29 F.Supp.2d 134, 138 (E.D.N.Y. 1998). If the movant has at least colorable grounds for relief, justice requires that the court grant leave to amend a complaint. *Id.*

    We thank the Court for its time and attention to this matter.

    Respectfully submitted,

    VALIANT LAW

    *s/ Joseph Jeziorkowski*
    JOSEPH JEZIORKOWSKI
    DANIEL FOLCHETTI
    WILLIAM KNIGHT


    WEST COAST TRIAL LAWYERS, APLC

    *s/ Ronald Zambrano*
    RONALD L. ZAMBRANO (*pro hac vice*)


CC: All Counsel via ECF.