December 20, 2024

**BY ECF**

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
Court Room 12C
New York, NY 10007-1312

Re:   *Emilio Garcia v. Roc Nation LLC, et al.*, Case No. 24-cv-07587

Dear Judge Woods:

Pursuant to Rule 2(E)(i) of Your Honor's Individual Rules of Practice in Civil Cases, Defendants Roc Nation, LLC ("Roc Nation"), Megan Thee Stallion ("Megan Pete" or "Ms. Pete"), Hot Girl Touring, LLC ("HGT"), and Megan Thee Stallion Entertainment, Inc. ("MTS Ent.") (collectively, "Defendants") write jointly in response to Plaintiff's pre-motion letter concerning his anticipated motion to amend the complaint (the "Motion to Amend") (Dkt. Nos. 80 (the "Pre-Motion Request"); 80-1 (the "Proposed FAC")), and to inform the Court of the reasons Defendants intend to oppose Plaintiff's Pre-Motion Request.

Plaintiff seeks leave to file a Proposed FAC riddled with scandalous, inappropriate, and irrelevant false allegations intended only to embarrass, shame, and subject Ms. Pete to public disgrace. Such outrageous allegations have no bearing on the merits of his claims; rather, they appear designed to obtain outsized media attention. And this Proposed FAC—offered *eight months* after this action was commenced—asserts an astonishing 19 causes of action under two different State's laws, and alleges entirely new instances of purported harassment with previously unidentified individuals wholly absent from the original Complaint or Plaintiff's Initial Disclosures. (Dkt. No. 1-1, Ex. 1 (the "Complaint" or "Compl.").)  Yet, Plaintiff fails to explain such delay or provide any reason why the additional instances of harassment which purportedly occurred in 2022 were not included in the original Complaint.

Moreover, the Proposed FAC, despite numerous additional allegations, fails as a matter of law. Most importantly, Plaintiff's allegations still make no reference to his binding contract with HGT, the March 1, 2020 agreement (Dkt. No. 1-1, Ex. 10 (the "Agreement")), which definitively classified him as an independent contractor, foreclosing his harassment, wage, and labor claims, and contained a New York choice of law provision, foreclosing his California claims. In any event, Plaintiff—who finally conceded his Texas citizenship for the first time in the Proposed FAC—has no standing to seek relief under California law. Moreover, the Proposed FAC fails to allege facts that would demonstrate Plaintiff's membership in a protected class for his discrimination claims.

Federal Rule of Civil Procedure ("Rule") 15(a)(2) permits amendment "only with the opposing party's written consent or the court's leave." Although courts generally "freely give leave [to

1

amend] when justice so requires," (*id*.), it may only be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Nat'l Rifle Ass'n of Am. v. Cuomo*, 480 F. Supp. 404, 414 (N.D.N.Y. Aug. 14, 2020) ("[A] court may deny a party's motion to amend a pleading when the proposed amendment would be futile."). Amendments are futile if they "could not withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Nat'l Rifle Ass'n*, 480 F. Supp. at 414. For the following reasons, Defendants intend to seek an order denying Plaintiff's motion to amend. The Pre-Motion Request should be denied because any amendment would be futile and would be the product of undue delay and bad faith.

*First*, Plaintiff's Proposed FAC—like its predecessor—ignores the Agreement, which expressly classified him as an independent contractor. This omission is telling, as the Agreement is fatal to each of his 19 causes of action, which necessarily require proof that he was an employee. But Plaintiff cannot escape the facts: the Agreement exists, Plaintiff signed it, and it established Plaintiff as an independent contractor, thus precluding relief for employment-based claims.

*Second*, amendment would be futile because the California claims fail as a matter of law. The Agreement includes a New York choice of law provision (Agreement ¶ 10), leaving no legal basis to maintain the California claims. More importantly, Plaintiff is not a California citizen. Though on this most basic allegation of his own citizenship Plaintiff initially asserted he "is and has been a resident of California," (Compl. ¶ 5), he now intends to entirely change course and alleges—correctly—that he is a Texas resident. (Proposed FAC ¶ 5.) But claims under California's Fair Employment and Housing Act ("FEHA") and labor code are unavailable to non-California citizens for conduct that occurred *outside* of California. *Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1852, 50 Cal. Rptr. 2d 626 (1996) ("[T]he Fair Employment and Housing Act was not intended to apply to nonresidents where, as here, the tortious conduct took place out of this state's territorial boundaries."); *see, e.g.*, *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1197 (2011) (California overtime laws only apply to work performed in California). None of the allegations in the Proposed FAC assert instances of alleged harassment that occurred in California. Nor does it identify *any* work he performed in California. Absent such facts, Plaintiff's California claims will fail. His Proposed FAC would be futile.

*Third*, the Proposed FAC fails to allege *any* facts that demonstrate membership in a protected class—based on gender, sex, or disability—or that he was discriminated against *because* of such membership. Other than making a passing reference to his sexual orientation (Proposed FAC ¶ 35, 105) *nowhere* in the Proposed FAC does Plaintiff identify what his purported disability is. Nor does he allege discrimination *because of* any protected status. Plaintiff's failure to allege even the most basic facts to support his discrimination claims—after waiting eight months to seek amendment—renders those claims futile.

*Fourth*, Plaintiff's Proposed FAC is the product of bad faith. "While not much case law exists in this Circuit about what constitutes bad faith for the purpose of denying a motion for leave to amend a pleading," *Youngbloods v. BMG Music*, 2011 WL 43510, at *9 (S.D.N.Y. Jan. 6, 2011), other circuits have found that bad faith is the "conscious doing of a wrong because of dishonest purpose

or moral obliquity." *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 355 F. Supp. 3d 785, 791 (D. Minn. 2019); *see Fresno Unified School Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1178 (E.D. Cal. 2013) (bad faith includes seeking "to amend merely to prolong the litigation by adding new but baseless legal theories," "to harass the opposing party" or "without alleging any newly discovered facts"). Here, numerous allegations in the Proposed FAC serve no purpose but to harass, shame, and embarrass Ms. Pete. For example, Plaintiff makes the false, salacious and inappropriate claim that Ms. Pete is bulimic. (Proposed FAC ¶ 29.) He also claims that Ms. Pete dieted frequently (*id*. ¶ 26), "would forbid anyone from eating around her" (*id*.), and "consume[d] copious amounts of alcohol." (*Id*. ¶ 31.) None of these allegations bear on the merits of Plaintiff's labor or harassment claims. The only reason to include such salacious allegations is to gin up media attention and subject Ms. Pete to public scorn, humiliation, and indignity. That is an impermissible basis for amendment. Moreover, Plaintiff's Proposed FAC uses Ms. Pete's lyrics for the song "Best Friend" against her in a manner that violates the anti-SLAPP statutes of both California and New York, further demonstrating bad faith. *See* Cal. Code Civ. Proc. § 425.16(b) ("A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike"); *see also* NYCRL § 76-a (applying to actions "involving public petition and participation" and "communication in a place open to the public or a public forum in connection with an issue of public interest" or "other lawful conduct in furtherance of the exercise of the constitutional right of fire speech in connection with an issue of public interest.") Lastly, Plaintiff's failure to explain *why* the new incidents of purported harassment alleged in the Proposed FAC—that occurred in February 2022 and undoubtedly known to Plaintiff when this case was commenced—were excluded from the original complaint, amounts to bad faith. (*See* Proposed FAC ¶¶ 33-47.)

*Finally*, the amendment would be improper because Plaintiff engaged in undue delay. "When a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." *Nat'l Rifle Ass'n of Am.*, 480 F.Supp. at 413 (citations omitted). Plaintiff waited *eight months* before filing his pre-motion letter seeking leave to file the Motion to Amend—after the parties engaged in extensive briefing and a hearing regarding Defendants' motions to dismiss and transfer in California, this Court conducted the Initial Pre-Trial Conference, and after the parties exchanged Rule 26 Initial Disclosures, which Plaintiff notably did not disclose any of the supposed witness names he now seeks to include in his belated Proposed FAC. Plaintiff submits a Proposed FAC that fails as a matter of law littered with salacious and irrelevant allegations, without a scintilla of a justification for his delay. This is unacceptable under the law and is a valid basis to deny amendment.[1]

---

[1] To the extent after full briefing on the forthcoming Motion to Amend, the Court permits Plaintiff to file his amended complaint, Defendants will submit a pre-motion letter in accordance with Your Honor's Individual Rules of Practice in Civil Cases and express their intent to file a motion to dismiss the amended complaint and strike any salacious, immaterial, and impertinent allegations therein pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Joanna E. Menillo
Alex B. Spiro
Joanna E. Menillo
alexspiro@quinnemanuel.com
joannamenillo@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849 7000

Mari F. Henderson (*pro hac vice*)
Julian T. Schoen (*pro hac vice*)
marihenderson@quinnemanuel.com
julianschoen@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443 3000

*Attorneys for Defendants Megan Thee Stallion, Megan Thee Stallion Entertainment, Inc., and Hot Girl Touring, LLC*

REED SMITH LLP

By: /s/ Jordan W. Siev
Jordan W. Siev
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
(212) 521-5400
jsiev@reedsmith.com

Michael R. Kleinmann (*pro hac vice*)
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
213-457-8000
MKleinmann@ReedSmith.com

*Attorneys for Defendant Roc Nation, LLC*