USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 1/7/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILIO GARCIA,

Plaintiff,

-v-

ROC NATION LLC, *et al.*,

Defendants.

1:24-cv-7587-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

In an order dated October 7, 2024, the Court ordered that "counsel for all parties participate in an initial pretrial conference" on November 6, 2024 at 4:00 p.m. in Courtroom 12C, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007. Dkt. No. 44. On November 5, 2024, the Court issued an order moving the location of the conference from Courtroom 12C to Courtroom 26B at 500 Pearl Street, New York, NY 10007. Dkt. No. 55. On November 6, 2024, the Court, the court staff, the court reporter, and counsel for Defendants appeared in Courtroom 26B at the scheduled time, but Plaintiff failed to appear. Counsel for Plaintiff attempted to call into the Court's dedicated conference line at the time scheduled for the conference, but the conference scheduling orders did not permit parties to call into the conference. Plaintiff did not make a request to adjourn the conference prior to the scheduled time.

On November 6, 2024, the Court ordered counsel for Plaintiff, Ronald Leonardo Zambrano, to show cause why he should not be sanctioned for violating the Court's order and failing to appear as scheduled at the November 6, 2024 conference. Dkt. No. 57 (the "OTSC"). Mr. Zambrano filed a responsive declaration on November 12, 2024. Dkt. No. 58 ("Zambrano Decl."). Defendants filed a response to Mr. Zambrano's declaration on November 15, 2024. Dkt.

No. 59.

On November 19, 2024, the Court ordered that Mr. Zambrano pay the reasonable expenses incurred by Defendants in appearing at the November 6, 2024 conference. Dkt. No. 65. In that order, the Court directed Defendants to file an application for an award of attorneys' fees with the necessary accompanying materials. *Id.* On December 2, 2024, Defendants filed a motion for attorneys' fees, Dkt. No. 66, and supporting materials, Dkt. Nos. 67–69. Mr. Zambrano filed a letter in response on December 10, 2024, contesting the Court's sanction. Dkt. No. 72. Defendants filed a reply on December 13, 2024. Dkt. No. 77.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(b). "While normally such relief is sought by motion of a party, . . . nothing forbids the court to grant such relief *sua sponte*." *Ft. Knox Music Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001). "Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief'" and is only available "when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533 (2022). "[T]he decision whether to grant such relief is addressed to the sound discretion of the district court." *Thai-Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017). "In exercising that discretion [in ruling on a Rule 60(b) motion], courts aim to 'strike[ ] a balance between serving the ends of justice and preserving the finality of judgments.'" *Id.* (alteration in original) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

## III. DISCUSSION

While the Court does not accept Mr. Zambrano's arguments that the Court lacked the authority to sanction him for failing to appear at the November 6, 2024 conference, the Court vacates its November 19, 2024 order imposing a sanction pursuant to Rule 60(b)(6) because the

Court has reconsidered whether Mr. Zambrano's error was substantially justified and finds that the Court could reach a more generous interpretation of "substantial justification." The Court chooses to follow this more forgiving approach and therefore, in its discretion, finds that Mr. Zambrano should not be sanctioned for failing to appear at the November 6, 2024 conference.

### A. Mr. Zambrano's Procedural Arguments Do Not Warrant Vacating the Sanction

None of Mr. Zambrano's "procedural grounds" for opposing the imposition of sanctions, *see* Dkt. No. 72 at 2, warrant vacating the sanction. First, Mr. Zambrano does not offer any case law to support his contention that the Court lacks jurisdiction to impose a Rule 16(f) sanction on an attorney not admitted to practice in the Southern District of New York. Rule 16(f) requires that a Court sanction "the party, its attorney, or both" for failure to appear at a scheduled conference. Fed. R. Civ. P. 16(f)(2). Mr. Zambrano was the attorney of record for Plaintiff in this action, and he signed the joint status letter and proposed case management plan submitted prior to the November 6, 2024 initial pretrial conference. Dkt. No. 54. He therefore had notice of the scheduled conference and clearly intended to represent his client in this matter, but he did not apply for admission to appear *pro hac vice* until December 5, 2024, and local counsel did not appear in this action until November 15, 2024. Further, Mr. Zambrano admits that he "attempted to appear remotely on the set date and time." Dkt. No. 72 at 4–5. Mr. Zambrano cannot on the one hand claim that he should be exempt from sanction for not being admitted to practice in this district while on the other hand attempting to practice in this district (and violating this Court's Individual Rules while doing so).

Second, Mr. Zambrano was not denied due process. Mr. Zambrano cites *Selter* for the proposition that he was unaware of the authority for the sanctions. *See U.S. v. Seltzer*, 227 F.3d 36, 42–43 (2d Cir. 2000). However, unlike in *Seltzer*, Mr. Zambrano was aware of "the exact order []he was accused of violating" and "a detailed record of the basis for the sanction" in the OSTC. *Id.* at

42. Mr. Zambrano knew that he had to show cause to avoid sanctions for failure to appear at a scheduled conference. Rule 16(f) clearly provides the Court authority to sanction an attorney for this conduct.

Finally, Mr. Zambrano is incorrect that Local Rule 54.1 prevents the Court from ordering a party to pay travel expenses pursuant to a Rule 16(f) sanction. Local Rule 54.1 concerns taxable costs "after the entry of final judgment," and the paragraph cited by Mr. Zambrano concerns "*witness* fees, travel expenses, or subsistence." Local Rule 54.1(a), (c)(3) (emphasis added). This rule does not govern the costs recoverable pursuant to Rule 16(f) sanctions. Indeed, travel expenses are "reasonable expenses" that Defendants incurred in attending a conference that was adjourned due to Mr. Zambrano's conduct. Fed. R. Civ. P. 16(f)(2).

**B. The Court Finds That Mr. Zambrano's Error Was Substantially Justified**

The Court, upon reconsideration of Mr. Zambrano's conduct and the nature of the potential sanction, has found that "reasonable people could differ as to the appropriateness" of Mr. Zambrano's conduct when viewed in a more charitable light and therefore that Mr. Zambrano was substantially justified in failing to appear while making diligent efforts to appear via telephone. *Est. of Shaw v. Marcus*, 2017 WL 825317, at *7 (S.D.N.Y. Mar. 1, 2017). While Mr. Zambrano admits that the Court's Individual Rules do not allow a party to attend an in-person conference remotely, Mr. Zambrano submits that this is common practice "in both federal and state courts in California." Dkt. No. 58 ¶ 6; *see* CA ST CIVIL RULES Rule 3.672. Mr. Zambrano, under a mistaken impression that he was allowed to do so, attempted to call into the Court's dedicated conference line at the time scheduled for the November 6, 2024 conference. When no other parties were on the line, Mr. Zambrano reached out to the Court's chambers to resolve the issue. This behavior shows that, while improper, Mr. Zambrano made a good faith effort to appear at the conference as scheduled. While the Court is inclined to uphold its prior decision because Mr. Zambrano should have read the

Court's Individual Rules more carefully, the Court finds that—on a generous interpretation of substantial justification—the sanction in this case is not warranted.

While the Court is choosing a forgiving approach and relieving Mr. Zambrano of a court-ordered sanction in this instance, the Court admonishes him for his failure to diligently and meticulously comply with the Court's orders and rules, as is his professional obligation. His conduct had consequences for the Court and his adversaries. The Court expects that while representing his client as a member of the bar, Mr. Zambrano will be more conscientious going forward, especially when appearing outside of the jurisdictions where he normally practices.

## IV. CONCLUSION

The Court's November 19, 2024 order is vacated. Mr. Zambrano is not required to pay Defendants' attorneys' fees or travel expenses for attending the November 6, 2024 conference. Defendants' motion for attorneys' fees, Dkt. No. 66, is therefore denied. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 66.

SO ORDERED.

Dated: January 7, 2025
New York, New York

GREGORY H. WOODS
United States District Judge