February 6, 2025

*VIA ECF*

Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      **RE:**   *Emilio Garcia v. Roc Nation LLC, et al.*
              S.D.N.Y. Case No. 24-cv-07587 (GHW)

Dear Judge Woods:

Plaintiff Emilio Garcia ("Plaintiff") and Defendants Megan Pete a/k/a Megan Thee Stallion ("Ms. Pete"), Hot Girl Touring, LLC, Megan Thee Stallion Entertainment, Inc., and Roc Nation, LLC (together "Defendants") write jointly to request a pre-motion conference regarding Plaintiff's anticipated motion to compel the deposition of Ms. Pete.

## INTRODUCTION

On January 21, 2025, Plaintiff served a notice of deposition to take Ms. Pete's deposition on February 26, 2025. Defendants informed Plaintiff that Ms. Pete is unavailable on that date and that her earliest availability for deposition is the week of June 22, 2025. The fact discovery deadline is July 7, 2025.

Counsel for all Parties have met and conferred (as described below) on these issues prior to requesting a pre-motion conference but have been unable to resolve the dispute.

## THE PARTIES' RESPECTIVE POSITIONS
## REGARDING MS. PETE'S DEPOSITION

    *Plaintiff's Position*

Ms. Pete's refusal to cooperate and timely appear for her deposition is unreasonable, dilatory and a clear attempt to evade the legal process.

Plaintiff properly served a notice of deposition. Defendants' counsel immediately responded and claimed the deposition was "premature" and that "Defendants will not offer Ms. Pete for deposition until the parties substantially complete document productions, as Ms. Pete will only sit for deposition on one day." *See* Ex. A at 5.

Nevertheless, Plaintiff attempted to work with Defendants' counsel to find alternative dates. However, Ms. Pete has not offered any reasonable excuse or legal authority as to why she cannot

Re: Garcia v. Roc Nation, LLC, et al.
February 6, 2025
Page 2

or should not appear for her deposition until the "week of" June 22, 2025, just prior to the discovery deadline of July 7, 2025. In a further effort to meet and confer, Plaintiff requested Defendants provide legal authority supporting such a delay on producing Ms. Pete for her deposition. *Id.* at 4. However, no such authority was provided. *Id.*

There is absolutely nothing "unduly burdensome" about Ms. Pete, a ***Defendant in her individual capacity, and main antagonist*** with respect to the claims, being deposed. Nor does the timing of her deposition have any impact on the proportionality of discovery.

By contrast, Defendants' attempts to evade the deposition for **6 months,** until the eve of the discovery deadline, is nothing but a calculated effort to delay discovery and prejudice Plaintiff. Tellingly, **less than two hours** after Plaintiff served the notice of deposition, Defense counsel initially claimed Ms. Pete was not available and would not appear until after document productions. *Id.* at 5. Then she was not available until late June. *Id.* at 2. This alone calls into question the adequacy and extent of Ms. Pete's alleged "diligent" attempts to schedule the deposition.

Further, the fact that Defendants offered to "stage" discovery and have not yet served document requests has no bearing on whether Plaintiff may proceed with this deposition. There is nothing in the Court's Scheduling Order limiting how soon or in what order a party may take a deposition. In fact, Defendants could have served discovery requests months ago pursuant to the November 19, 2025, Scheduling Order, but have failed to do so. The Defendants' argument regarding hypothetical and speculative motion practice related a potential second deposition of Ms. Pete down the road is not only premature at this point, but suggests Defendants plan to withhold documents in discovery. In reality, if Ms. Pete's deposition occurs on the eve of the discovery deadline and document discovery issues arise, Plaintiff would not have adequate time to address any such issues.

Accordingly, Ms. Pete should be compelled to appear for her deposition within 30 days.

    *Defendants' Position*

Ms. Pete should not be required to appear for deposition earlier than when she is available. Contrary to Plaintiff's contention, Ms. Pete is not "refus[ing] to cooperate" nor does she seek to "evade the legal process"—she is willing to be deposed. Indeed, Ms. Pete provided a *week* of availability for deposition—well within the fact discovery period. Plaintiff refuses to explain why he cannot—or will not—depose Ms. Pete on any of the dates offered. Plaintiff's request for a deposition within 30 days should be denied because it is unduly burdensome and disproportionate.

To compel discovery, Plaintiff bears the burden of "demonstrating relevance and proportionality" of his demand. *New York Times Co. v. Microsoft Corp.*, 2024 WL 4874436, *1 (S.D.N.Y. Nov. 22, 2024). Courts properly limit or deny discovery demands as "disproportionate" where they are (i) unreasonably cumulative or duplicative or can be obtained from some other more convenient, less burdensome, or less expensive source, or (ii) more burdensome than beneficial, considering the "needs of the case," "amount in controversy," "parties' resources," and "importance of the issues at stake in the litigation," and "the proposed discovery in resolving the issues." *Retail Brand*

Case 1:24-cv-07587-GHW   Document 91   Filed 02/06/25   Page 3 of 5

Re: Garcia v. Roc Nation, LLC, et al.
February 6, 2025
Page 3

*All., Inc. v. Factory Mut. Ins. Co.*, 2008 WL 622810, *5 (S.D.N.Y. Mar. 7, 2008); Fed. R. Civ. P. 26(b). As it concerns depositions of high-level executives, the court must also consider the likelihood of harassment and business disruption. *Id.*

**First**, Ms. Pete acted in good faith to find a workable deposition date. The discovery period commenced on November 19. More than two months later, on January 21, Plaintiff unilaterally noticed Ms. Pete's deposition for February 26—just over thirty-days from service. Defendants promptly advised she was not available on that date and sought to meet and confer to (a) find a mutually agreeable date; and (b) stage discovery so that the parties could work efficiently to comply with the July 7 fact discovery deadline. (*See* Ex. A at 5.) Plaintiff agreed to confer, but only on "alternative February dates," and declined any discovery staging discussion. (*Id.* at 4.) During a June 24 meet and confer, Defendants then offered the week of June 22 for Ms. Pete's deposition—well within the fact discovery period. (*Id.* at 1-2.) And Defendants provided a reasonable explanation for the delay: Ms. Pete's calendar prior to that week was filled with numerous work commitments, (*id.* at 2), including music video and photo shoots, artist collaborations, award show appearances, including the Oscars (in March) and the Met Gala (in May), launches and appearances for branded merchandise (in February and May), rehearsals, album recording sessions and promotions, and preparations for and performances at the Super Bowl bash by FanDuel (in February), the Coachella music festival (in April, with rehearsals in March), and headlining the SummerFest music festival (in June), among others. As Ms. Pete's availability for a full day deposition (and deposition prep) before June 22 is constrained by her onerous work schedule—which demands travel worldwide and requires several weeks or months to coordinate additional commitments—and Defendants acted diligently to acquire mutually agreeable dates, requiring Ms. Pete to appear for deposition sooner would be unduly burdensome. *See e.g., Froberg v. Vill. Of Lennon*, 2008 WL 4104330, *1 (E.D. Mich. Sept. 3, 2008) (denying motion to compel where correspondence showed "diligent[] attempt[s]" to schedule deposition between other commitments and counsel proposed dates within discovery period); *see also Affiliated Foods Midwest Coop., Inc. v. Supervalu Inc.*, 2018 U.S. Dist. LEXIS 115496, *5-6 (D. Neb. July 9, 2018) ("[u]nilaterally scheduling" deposition when "opposing counsel and the deponent are … unavailable presents an undue burden."); *Davis v. Amazon.com Servs. LLC,* 2022 WL 18034363, *1 (W.D. Tex. Jan. 17, 2022) (depositions noticed for date defendant knew plaintiffs and counsel were unavailable rendered notices "unreasonable").

**Second**, Defendants offered alternate, less burdensome paths to accommodate Plaintiff's insistence that Ms. Pete's deposition occur within the next 30 days—as opposed to any other time before the close of fact discovery—which Plaintiff rejected outright. (*See* Ex. B at 1-2.) As Ms. Pete is one of several Defendants in this action and is the highest-ranking executive among the Pete Defendants, Defendants asked Plaintiff to consider: (a) deposing other representatives of the Pete Defendants before Ms. Pete; and/or (b) serving a notice for deposition by written question, pursuant to Fed. R. Civ. P. 31, before oral deposition. (*Id.*) These options are often proposed by courts to balance conflicting interests in and place reasonable limitations on discovery in this District and elsewhere. *See Retail Brand All., Inc.,* 2008 WL 622810 at *5 (limiting deposition of high-ranking executive to written questions first); *Mulvey v. Chrysler Corp.,* 106 F.R.D. 364, 366 (D.R.I. 1985) (permitting only written interrogatories of defendant chairman before subsequent oral examination if answers to interrogatories warranted); *Burns v. Bank of Am.*, 2007 WL

Re: Garcia v. Roc Nation, LLC, et al.
February 6, 2025
Page 4

1589437, *5 (S.D.N.Y. June 4, 2007) (similar).  Notably, in each of these cases, the party resisting an executive's deposition sought to preclude it *entirely*, which Ms. Pete does not seek to do here.

***Finally***, conducting Ms. Pete's deposition in June also promotes judicial economy.  Discovery is in its infancy:  to date, none of the parties have served any requests for production or interrogatories, let alone produced a single document.  Scheduling Ms. Pete's deposition after the parties substantially complete document productions would ensure that all relevant documents are produced *and* any document discovery issues can be resolved (whether among the parties or with the Court) before her deposition.  It would also avoid future motion practice over whether she should be subject to re-deposition that would inevitably result from Plaintiff's preferred plan to depose her before any documents are produced.  *See, e.g.*, *Lyons v. New York Life Ins. Co.*, 2021 WL 2981586, *2 (S.D.N.Y. July 15, 2021) (denying re-deposition as "Plaintiff was well aware that document and deposition discovery were ongoing when she chose to depose these individuals"); *Giuffre v. Dershowitz*, 2022 WL 827825, *3 (S.D.N.Y. Feb. 14, 2022) (declining to hear parties' dispute as to "unreasonably early" deposition notices "until discovery is substantially complete"); *see also United States v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112, 115 (S.D.N.Y. 2017) ("[h]ad [Defendant] adjourned the First Deposition and waited for additional, salient documents, it could have made better use of time, explored a wider breadth of documents, and entirely obviated the need for a second deposition").  And contrary to Plaintiff's claim, Ms. Pete is not just an individual defendant, she is the principal of the Pete Defendants, further underscoring the need to substantially complete document productions before she is deposed.

Ms. Pete has acted in good faith to schedule her deposition within the fact discovery window and offered multiple resolutions for the parties' dispute—itself the product of Plaintiff's unilateral deposition notice and surprise that her tight schedule cannot easily accommodate a full day deposition on barely a month's notice and no earlier coordination with counsel.  Plaintiff has failed to demonstrate that seeking Ms. Pete's deposition within 30 days is proportionate to the needs of the case and judicial economies militate in favor of deposing Ms. Pete during the time she is available.  She should not be compelled to appear for her deposition before the week of June 22.

## BACKGROUND AND SUMMARY OF MEET AND CONFER EFFORTS

On January 21, Plaintiff noticed the video deposition of Ms. Pete to be held in person on February 26.  Defendants promptly advised that Ms. Pete was unavailable to appear for deposition on the noticed date and offered to confer with Plaintiff concerning mutually agreeable deposition dates and staging of discovery.  Counsel for Plaintiff disagreed with such delay, but agreed to meet and confer to find an alternative date for the deposition and the parties scheduled a virtual conference for further discussion on the issues.

On January 24, counsel for all Parties met and conferred via zoom at approximately 11:30 a.m. EST, which lasted approximately 20 minutes.  During this conference, Defendants advised that Ms. Pete was available for deposition during the week on June 22, explaining that her availability prior to that time was constrained due to numerous scheduled events and a demanding roster of work commitments.  Plaintiff's counsel memorialized this in an email later that day and requested confirmation regarding Defendants' position with respect to Ms. Pete's availability.

On January 30, Defendants reiterated that they had pressed Ms. Pete for earlier availability, but that the week of June 22 was the only availability provided and that Ms. Pete's calendar prior to that date was filled with music video and photo shoots, rehearsals, preparations, performances at the Coachella music festival, among other work commitments. (*See* Ex. A at 5.)

## CONCLUSION

Despite their good faith efforts, the parties are unable to resolve this dispute without the Court's intervention. Accordingly, pursuant to Rule 2(E)(ii) of Your Honor's Individual Rules of Practice in Civil Cases and Fed. R. Civ. P. 37(a)(1), we respectfully request a pre-motion conference concerning the timing of Ms. Pete's deposition.

We thank the Court for its time and attention to this matter.

    Respectfully submitted,

| /s/ *William Knight* | /s/ *Joanna E. Menillo* |
|---|---|
| **VALIANT LAW** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| Joseph Jeziorkowski | Alex Spiro |
| Daniel Folchetti | Joanna E. Menillo |
| William Knight | 295 Fifth Avenue |
| 2 Westchester Park Drive, Suite 205 | New York, New York 10016 |
| White Plains, New York 10604 | Tel.: (212) 849-7000 |
| Tel.: (914) 730-2422 | |
| | |
| **WEST COAST TRIAL LAWYERS APLC** | Mari Henderson (*pro hac vice*) |
| Ronald L. Zambrano (*pro hac vice*) | Julian Schoen |
| 1147 South Hope Street | 865 S. Figueroa Street, 10th Floor |
| Los Angeles, CA 90015 | Tel.: (213) 443-3000 |
| Tel.: (213) 927-3700 | |
| | *Attorneys for Defendants Megan Thee Stallion, Hot Girl Touring, LLC, Megan Thee Stallion Entertainment, Inc.* |
| *Attorneys for Plaintiff Emilio Garcia* | |

/s/ *Jordan Siev*
**REED SMITH LLP**
Jordan Siev
Michael Kleinmann
599 Lexington Avenue
New York, New York 10022
Tel.: (212) 205-6085

*Attorneys for Defendant Roc Nation, LLC*