UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILIO GARCIA,<br><br>              *Plaintiff*,<br><br>v.<br><br>ROC NATION LLC; HOT GIRL TOURING, LLC; MEGAN THEE STALLION ENTERTAINMENT, INC.; MEGAN THEE STALLION; and DOES 1 THROUGH 10, inclusive,<br><br>              *Defendants*. | Civil Action No.   1:24-cv-07587-GHW |

**DEFENDANT ROC NATION, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)**

Defendant Roc Nation, LLC ("Roc Nation") respectfully moves this Court, pursuant to Rule 201 of the Federal Rules of Evidence, to take judicial notice of the following:

Plaintiff Emilio Garcia entered into a written Independent Contractor Agreement (the "Independent Contractor Agreement") with Defendant Hot Girl Touring, LLC.  A true and correct copy of the Independent Contractor Agreement is attached hereto as **Exhibit 1**.  This Independent Contractor Agreement is incorporated by reference in Plaintiff's operative First Amended Complaint.  *See* FAC ¶ 123. ("From the inception of his employment, Plaintiff was misclassified as an Independent Contractor while working as a Personal Cameraman to Defendant Pete. Plaintiff has been treated as independent contractor...").

A district court may consider matters subject to judicial notice when ruling on a Rule 12(b) motion to dismiss.  *McKenna v. Nassau Cty. News NY*, No. 2:23-CV-4286 (ARR) (ST), 2023 U.S. Dist. LEXIS 217120, at *13-16 (E.D.N.Y. Dec. 6, 2023).  Because Plaintiff's claims are premised

on his classification (or alleged misclassification) as an independent contractor, the written contract is incorporated by reference and is thus proper subject of judicial notice. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) ("[f]or purposes of this rule, 'the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference…Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint.").

Further, the Independent Contractor Agreement is properly subject to judicial notice because the existence of the agreement is crucial to Plaintiff's First Amended Complaint, and its accuracy is not in dispute. *See Cotiviti, Inc. v. Deagle*, 501 F. Supp. 3d 243, 258 (S.D.N.Y. 2020) ("Documents are integral to a complaint when, among other things, they are necessary to a plaintiffs ability to pursue its cause of action…or the complaint 'relies heavily upon [their] terms and effect'"); *Markatos v. Citibank, N.A.*, No. 24-CV-0803 (KMK), 2024 U.S. Dist. LEXIS 229045, at *3 (S.D.N.Y. Dec. 18, 2024) ("Generally, a court may incorporate documents referenced where (1) [the] plaintiff relies on the materials in framing the complaint, (2) the complaint clearly and substantially references the documents, and (3) the document's authenticity or accuracy is undisputed.'").

Roc Nation has also provided the Court with the necessary information required pursuant to Federal Rule of Evidence 201(c), attached to this Request as **Exhibit 1**. Thus, the Court may properly grant Roc Nation's Request for Judicial Notice.

Dated: New York, New York
      February 12, 2025

**REED SMITH LLP**

 */s/ Jordan W. Siev*
Jordan W. Siev
Michael R. Kleinmann (pro hac vice)

- 3 -

                599 Lexington Avenue
                New York, New York 10022
                Tel:  212-521-5400
                Fax:  212-521-5450
                Email:  jsiev@reedsmith.com

*Attorneys for Defendant Roc Nation, LLC*