

**Michael R. Kleinmann**
Direct Phone: +1 213 457 8117
Email: mkleinmann@reedsmith.com

Reed Smith LLP
515 S. Flower Street
Suite 4300
Los Angeles, CA 90071
+1 213 457 8000
Fax +1 213 457 8080
reedsmith.com

August 28, 2025

**BY ECF**

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     *Emilio Garcia v. Roc Nation LLC, et al.*, Case No. 24-cv-07587

Dear Judge Woods:

Pursuant to Rules 2(E)(i), 3(E) and 3(F) of Your Honor's Individual Rules of Practice in Civil Cases, Defendant Roc Nation, LLC ("Roc Nation") writes to request a pre-motion conference concerning its anticipated motion for summary judgment. Plaintiff does not consent to Roc Nation's motion.

Plaintiff's claims against Roc Nation are wholly premised on a theory of joint employer liability. Indeed, Plaintiff does not assert a single wrongful act or omission attributable to Roc Nation, let along acts or omissions addressing the elements of his claims. Therefore, Plaintiff's claims as to Roc Nation survive or fail on the existence of a joint employer relationship, and the undisputed facts in this action show that there is no joint employer relationship between the Pete Defendants and Roc Nation under either California or New York law.[1]

Although Plaintiff repeatedly claims that each Defendant is the "alter ego" of the others, the undisputed facts show that none of the Pete Defendants are alter egos of Roc Nation. There is no unity of ownership between Roc Nation and any of the Pete Defendants, Megan Pete holds no ownership interest in Roc Nation, and Roc Nation holds no ownership interest in any of the Pete entities. Plaintiff will further be unable to establish any of the others indicators of alter ego liability between Roc Nation and the Pete Defendants. There is no evidence of an improper purposes in the formation of any of the entities, no evidence of failure to follow any corporate formalities, nor any evidence or undercapitalization or fraudulent transactions *See, e.g. Automotriz del Golfo de Cal. S. A. de C. v. v. Resnick*, 47 Cal. 2d 792, 798 (1957). Simply put, Roc Nation is a completely separate and independent company from any of the Pete entities, and any claim of alter ego liability will fail.

---

[1] Plaintiff's claims are also subject to summary judgment on numerous substantive grounds, which Co-Defendants will address in a separate letter. To the extent they are applicable to claims against Roc Nation – which are all premised on a joint employer liability theory – Roc Nation joins Co-Defendants' bases for summary judgment.



August 28, 2025
Page 2

Plaintiff will be unable to establish a joint employment relationship between Roc Nation and any other Defendant for any of the claims premised on California law. In California, courts use a three-factor test to determine whether an employer should be considered a "joint employer" for liability purposes under the labor law: "employer status for wage-and-hour purposes (including joint employer status) is controlled by the Industrial Welfare Commission's wage orders . . . consisting of three alternatives: (1) to exercise control over wages, hours, or working conditions, directly or indirectly, or through an agent or any other person; (2) to "suffer or permit to work"; or (3) to engage." The California Supreme Court has concluded that "unless an entity has the power to hire and fire the workers, that entity will not qualify as a joint employer." *Gregg v. Bohemian Club*, No. 23-cv-02760-AMO, 2024 U.S. Dist. LEXIS 10184, at *7 (N.D. Cal. Jan. 19, 2024).

Plaintiff will be unable to establish any of the three factors needed to show joint employer liability. First, Plaintiff has repeatedly claimed that only Ms. Pete controlled the performance of his work and his working conditions. The evidence supports this conclusion, that Roc Nation did not exercise control over Plaintiff's wages, hours, or working conditions, and Plaintiff will be unable to provide any evidence to the contrary. Second, Plaintiff will not be able to offer evidence to even suggest Roc Nation was his employer under the "suffer-or-permit" test. Plaintiff does not have evidence to support that Roc Nation had any involvement in Plaintiff's work, other than allegedly communicating that Plaintiff's services were no longer needed by Ms. Pete and communicating a compensation change. Therefore, Plaintiff will be unable to establish a joint employer relationship as to Roc Nation under the "suffer-or-permit" test. Finally, Plaintiff will be unable to show Roc Nation was his employer under the "engage" test. In this context, "to engage" means to create a common law employment relationship. *Martinez, supra* 49 Cal. 4th at 64-65. A common law employment relationship exists where a party reserves the general right to control the "manner and means" of performing the work at issue. *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 350 (1989). As with the other two factors, Plaintiff cannot show that Roc Nation had the right to hire or fire him at will. Plaintiff asserts that Ms. Pete, not Roc Nation, controlled all the "manner and means" of his work. Accordingly, Plaintiff will be unable to establish a joint employer relationship to sustain any of the wage and hour claims against Roc Nation.

Plaintiff will likewise be unable to establish the existence of a joint employment relationship for his Fair Employment and Housing Act (FEHA) claims. Courts examine the "totality of the circumstances" when assessing whether a defendant is liable under a joint employment theory. *See Vernon v. State of Cal.*, 116 Cal. App. 4th 114, 125 (2004). Here, Plaintiff will be unable to establish the existence of joint employment relationship because the undisputed facts will show (1) Roc Nation did not pay Plaintiff or otherwise provide him any employment benefits; (2) Roc Nation did not have the power to hire or fire Plaintiff and did not control his work in any way; (3) Plaintiff did not use Roc Nation equipment to perform his work and did not primarily perform work on Roc Nation premises; and (4) nobody from Roc Nation supervised Plaintiff or otherwise controlled his work. These factors are fatal to Plaintiff's joint employment claims against Roc Nation. [2]

---

[2] Moreover, Plaintiff's FEHA claims must be dismissed to the extent they relate to conduct occurring outside of California. *N. Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1 (1916). The record shows that the conduct related to these claims occurred almost entirely outside of California, and thus, FEHA liability cannot attach to extraterritorial conduct.



August 28, 2025
Page 3

Plaintiff's New York law claims must be dismissed based on the record. First, Plaintiff cannot show that Roc Nation is an employer under the New York Labor Law ("NYLL"), New York State Human Rights Law ("NYSHRL"), or the New York City Human Rights Law ("NYCHRL"). Under the NYLL, the qualification of joint employer is grounded in the "economic reality," which assesses whether the entity (i) had the power to hire and fire the employee, (ii) supervised and controlled the employee's work schedules or conditions of employment, (iii) determined the rate and method of compensation, and (iv) maintained employment records. *Castillo v. Albert Einstein Coll. of Med Inc.*, No. 24-cv-984, 2025 U.S. Dist. LEXIS 38347, at *9 (S.D.N.Y. Mar. 3, 2025). Similarly, under the NYSHRL or the NYCHRL, New York courts consider (a) the selection and engagement of the servant; (b) the payment of salary or wages; (c) the power of dismissal; and (d) the power of control of the servant's conduct. *Griffin v. Siroa, Inc.*, 29 N.Y.3d 174, 186 (2017); *see also Franklin v. Vertex Glob. Sols., Inc.,* 20 Civ. 10495 (KPF), 2022 U.S. Dist. LEXIS 23273, at *26 (S.D.N.Y. Feb. 9, 2022). Plaintiff cannot meet any of these factors under either standard: the record shows that Roc Nation did not hire or fire Plaintiff, set Plaintiff's method or rate of compensation, or control Plaintiff's schedules or working conditions.

Second, Plaintiff's NYLL claims must be dismissed because they relate to work performed outside of New York, which the NYLL does not cover. *Belanger v. N.Y. Univ.*, No. 21-cv-1644 (LAP), 2025 U.S. Dist. LEXIS 61069, at *14 (S.D.N.Y. Mar. 31, 2025) (citation omitted). The record shows that the conduct related to these claims occurred almost entirely outside of New York's boundaries.[3]

Third, the record does not support Plaintiff's retaliation claims under the NYLL. In order to present a claim under Section 215 or 740, Plaintiff needs to show a causal connection between the protected activity and the adverse employment action. *D'Amato v Five Star Reporting, Inc.*, 80 F Supp 3d 395, 420 (E.D.N.Y. 2015) (outlining Section 215 standard);.[4] *DiNome v. Cordis US Corp*., 23-CV-11173 (ER), 2024 U.S. Dist. LEXIS 149377, at *12 (S.D.N.Y. Aug. 21, 2024)(same for Section 740). The testimony and documents exchanged during discovery do not show a causal connection between Plaintiff "confid[ing] in Aleks" Garcia (not a Roc Nation employee) about supposed unlawful pay practices or discrimination and his departure. (*See* Second Amended Complaint at ¶ 97.)

Finally, with respect to Plaintiff's wage notice and statement claims, the record is devoid of any information to show how Plaintiff suffered a concrete injury in fact, which is a necessary predicate for constitutional standing before this Court. *See, e.g., You Qing Wang v. XBB, Inc*., 2022 U.S. Dist. LEXIS 57481, 2022 WL 912592 (E.D.N.Y. Mar. 29, 2022) (finding lack of standing because plaintiffs failed to link violations to an injury in fact).

---

[3] Similarly, the NYSHRL and NYCHRL require an "impact" within New York State or City. *See Belanger*, 2025 U.S. Dist. LEXIS 61069, at *40-*41. It was intended to be a bright-line rule that the impact of the alleged conduct needs to be felt *within* the State or City. *Vangas v. Montefiore Med. Ctr.,* 823 F.3d 174, 183 (2d Cir. 2016); *Shaughnessy v. Scotiabank,* No. 22 CV 10870 (LAP), 2024 U.S. Dist. LEXIS 57840, at *19 (S.D.N.Y. Mar. 29, 2024). Plaintiff will be unable to establish that he felt the conduct alleged in New York, which means that Plaintiff is not protected under the NYSHRL or NYCHRL in these scenarios. *Shiber v. Centerview Partners LLC*, 21 Civ. 3649 (ER), 2022 U.S. Dist. LEXIS 72710, at *8 (S.D.N.Y. Apr. 20, 2022)("Courts have repeatedly held that a non-resident plaintiff's occasional meetings in or travel to the city are tangential and do not satisfy the impact requirement.")

[4] Section 215(2)(b) also requires a plaintiff bringing a retaliation claim to serve notice of the action "upon the attorney general." NYLL § 215(2)(b). There is no evidence of record that such notice was provided.

ReedSmith

August 28, 2025
Page 4

We thank the Court for its time and attention to this matter.

Very truly yours,

*s/ Michael R. Kleinmann*
Michael R. Kleinmann

cc:  All counsel of record